## J. M. WELLS v. B. T. MOOR.

Decided February 17, 1906.

**1.—Trial Court—Change of Ruling—Control of Case.**

A trial court has the power at any time previous to the end of the trial to correct errors theretofore committed by him in the progress of the trial, and to alter, amend or set aside the judgment rendered by him at any time before the expiration of the term at which it was rendered.

**2.—Open Account—Verbal Promise to Pay—Limitation.**

A verbal promise on the part of the debtor to pay at a future date a past due open account, is not a sufficient consideration to support a promise on the part of the creditor not to sue until such date, and does not interrupt the running of the statute. Under the statute (art. 3370) any acknowledgment made after the debt is due must be in writing in order to extend the bar.

Appeal from the County Court of Liberty County. Tried below before Hon. T. C. Crane.

*Marshall & Dabney,* for appellant.

*Fowler & Fowler,* for appellee.

GILL, CHIEF JUSTICE.—This suit was brought in the Justice Court by J. M. Wells to recover of B. T. Moor the amount of an account for prescriptions filled and medical services rendered, the sum claimed being $132. Defendant pleaded limitation of two years.

Plaintiff was cast in the Justice Court, and appealed to the County Court. There the defendant renewed his plea of limitation in the form of an exception to the petition. To the plaintiff's allegation that the bar of the statute was suspended by a verbal promise to pay at a later day than the first due date of the account, defendant invoked the article of the statute (article 3370), providing, in effect, that such a new promise, to be effective, must be in writing. At the first term the pleas and exceptions of defendant were overruled, and the cause continued generally.

At the next term they were renewed, and, on reconsideration, the trial court sustained them and dismissed plaintiff's suit. From that judgment plaintiff has appealed to this court, and here makes four points against the judgment, viz.:

First. The court erred in not allowing him to show by parol that he had pleaded the new promise in the Justice Court.

Second. The court erred in considering the defendant's affidavits to the effect that no such pleas were interposed in the Justice Court.

Third. The court erred in reviewing his action on the demurrers after overruling them at a previous term, and

Fourth. The court erred in holding that the new promise pleaded did not take the claim out of the bar of limitation.

To the first objection it is sufficient answer that the court, in fact, considered plaintiff's petition in the County Court, which contained the allegations of the new verbal promise, whereby the time of payment was extended. The exception was sustained, not because the matter

had not been pleaded in the Justice Court or was a new cause of action
in the County Court, but because, in the absence of the new promise,
the claim on its face was barred, and the new promise, being verbal,
did not remove the bar. What has been said also disposes of the sec-
ond objection.

The third objection is utterly without merit, because a trial court
has the power, at any time previous to the end of the trial, to correct
errors theretofore committed by him in the progress of the cause, and
to this end his power to alter, amend or set aside the judgment ren-
dered by him exists until the expiration of the term at which it is ren-
dered.

That the nature of the new promise pleaded brought it within the
statutory inhibition is disputed by appellant. He contends that it
was not a mere verbal promise to pay an existing past due debt, but
was a new promise based upon a new and valuable consideration.

The new promise pleaded was a forbearance to sue on the part of
plaintiff and a promise to pay the account at a later day on the part
of defendant. The subject of the transaction was an open account.
The promise of forbearance on the part of plaintiff was based on no
consideration, and did not suspend his right to sue. Under the stat-
ute any acknowledgment made after a debt is due must be in writing
in order to extend the bar. To allow plaintiff's contention would
amount practically to an annulment of the statute.

The case of Heisch v. Adams (81 Texas, 94), cited by appellant, is
not decisive of the question. The principle decided in that case is
that a verbal contract made after the due date, and before the bar of
a note, and embodying new elements of consideration which amount to
a novation, take the place of the note forming in part the basis of the
new contract, and the statute runs from the due date of the new con-
tract. The facts here alleged fall far short of those in the case cited.

In Howard v. Windom (86 Texas, 560), it is held that the acknowl-
edgment or new promise is a new cause of action, which must be de-
clared on.

In Gibson v. Irby (17 Texas, 174), it was held that a verbal agree-
ment to extend the due date of a note, the debtor agreeing to pay the
principal and interest on that date, did not bind the holder of the note
not to sue sooner, the reason given being that the contract was without
consideration passing from the debtor.

The case at hand is almost identical with Austin Real Estate & Ab-
stract Co. v. Bahn (87 Texas, 582), and is alike distinguishable from
Benson v. Phipps, reported in the same volume.

So that, even if it be a sound proposition to hold that a verbal ex-
tension of time, made after the due date of a demand and before the
bar of the statute, upon a sufficient consideration moving from each
party, will suspend the running of limitation, notwithstanding article
3370, supra, still it can not serve the appellant in this case, because
the holder of the note was not bound not to sue within the time. See,
also, Helm v. Crane (4 Texas Civ. App., 89).

The trial court was right in sustaining the exception. The judgment
is therefore affirmed.

*Affirmed.*