[Civil No. 3480. Filed February 11, 1935.]

[40 Pac. (2d) 974.]

JOHN HYDER, Appellant, v. ABDO SHAMY, Appellee.

Messrs. Cox & Moore, for Appellant.

Mr. L. J. Cox, for Appellee.

ROSS, J.—█ The question involved in this appeal is whether a creditor of a discharged bankrupt may maintain an action on an oral acknowledgment of the justness of a claim barred by limitation, made

subsequent to the time it became due and subsequent to the time of his discharge in bankruptcy, and the effect of bankruptcy on limitation. The facts making it necessary to answer such question are as follows: On April 2, 1923, John Hyder gave his promissory note, payable September 2, 1923, for $1,000, bearing interest at 8 per cent. per annum, to Abdo Shamy. On June 25, 1925, he filed his petition in bankruptcy and listed said note as one of his debts, and on February 2, 1927, he was discharged from all his provable debts, including the note.

On June 19, 1933, Shamy filed his complaint to recover on said note against Hyder alleging that on and after February 2, 1927, the date of his discharge in bankruptcy, and repeatedly within a period of six years prior to filing such complaint, defendant had promised plaintiff he would pay said indebtedness as evidenced by note. In a second cause, the allegations are the same except that the promise to pay was conditioned "as soon as he was able to do so," which said condition it is averred had come to pass. In a third cause of action the indebtedness is described as in the first cause of action, but the promise to pay is alleged as follows: "That defendant on and after said 2nd day of February, 1927, and also repeatedly within a period of three years prior to filing this suit, promised plaintiff to pay said indebtedness." A fourth cause of action is the same as the third, only the promise to pay is conditioned "as soon as he was able to do so," which event it is averred happened on or about March 17, 1933.

To each of these causes of action defendant filed separate demurrers raising the statute of limitations and specifically alleging that the promises relied upon were made after the note became due and are not alleged to be in writing and are void under section 2068 of the Revised Code of 1928. Defendant also

filed general denials and pleaded that the causes of action were "barred by the statute of limitations, being Chapter 47, Revised Statutes of Arizona, 1928."

The case was tried to a jury, and at its close the jury, under instructions of the court, returned a verdict in favor of plaintiff on the fourth cause of action, and defendant has appealed.

On the face of the complaint it appears that the cause of action on the note was barred when the complaint was filed. The statute commenced to run on the date the note became due, which was September 2, 1923, and under section 2062, Revised Code of 1928, was complete September 2, 1929. The action was commenced June 19, 1933, nearly four years after the statute apparently had run. The plaintiff, anticipating the defense of the statute, undertook to forestall it by alleging new promises to pay, under the assumption such promises tolled the statute, and whether they did or not is the important question. Section 2068, Revised Code of 1928, seems to lay down the rule, binding not only on the parties but also upon the court. It reads:

"§ 2068. *Acknowledgment after bar must be in writing.* When an action is barred by limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby."

 At the trial it developed that plaintiff had no written acknowledgment of the justness of the indebtedness, but notwithstanding, over the objection of defendant, the court permitted evidence of verbal promises and acknowledgments made by defendant to plaintiff. The trial court took the view that section 2068, *supra,* applies only where the action is

barred by limitation, and that, since defendant was discharged of the debt by bankruptcy, even though the statute of limitations had also run when suit was commenced, the promise or acknowledgment of the justness of the debt was binding though oral, and, since it was made within three years of the commencement of the action, limitation had not run. If there were nothing but the discharge in bankruptcy in the way, the terms of section 2068, *supra*, perhaps would not apply, and a verbal acknowledgment of the justness of the debt within three years of the commencement of the action probably would toll the statute. But in this instance the six-year limitation had already run, making the discharge in bankruptcy entirely immaterial. It is well settled that the adjudication of bankruptcy will not stop the running of the statute. 37 C. J. 1043, § 451.

There can be no quarrel with plaintiff's contention that the moral obligation to pay the debt after it had been discharged by bankruptcy, and after the statute began to run, or had run, was a sufficient consideration for the new promise. That seems to be very well settled by all the cases.

His difficulty arises from lack of competent evidence to prove the promise. Many of the states have statutes similar to our section 2068, *supra*, and they seem to be in practical unanimity in insisting that the rule there stated shall be followed. The text in 37 Corpus Juris 1121, section 602, reads as follows:

"In the absence of legislation, such as has been adopted in many jurisdictions requiring the promise to be in writing, an oral promise will interrupt the statute of limitations, or revive a debt barred thereby. But by statute it is now provided in England and in many other jurisdictions that in order to revive a debt barred by the statute of limitations, or to suspend the statute by promise or acknowledg-

ment, such promise or acknowledgment must be in writing and signed by the party to be charged; and the written and signed promise or acknowledgment which the statutory provision requires must usually and on general principles applicable to the situation be delivered to the creditor or communicated to him. . . . ''

The authorities cited in the notes sustain the text. See, also, 17 R. C. L. 891, § 250.

Our section 2068, *supra,* is almost word for word that of Texas (article 5539, Vernon's Ann. Civ. Stats., vol. 16), and the rule in that state from a very early date has been that the acknowledgment of the justness of the indebtedness barred or suspended by the statute must not only be in writing but quite definitely and certainly identify the indebtedness in order to hold the debtor. *Cotulla* v. *Urbahn,* 104 Tex. 208, 126 S. W. 1108, 135 S. W. 1159, Ann. Cas. 1914B 217, 34 L. R. A. (N. S.) 345; *Wells* v. *Moore,* 42 Tex. Civ. App. 47, 93 S. W. 220. In *Steinfeld* v. *Marteny,* 40 Ariz. 116, 10 Pac. (2d) 367, 370, we said of section 2068:

''The above provision recognizes that the bar of the statute may be waived or suspended by the debtor and prescribes just how this may be done. Before this enactment, it could be done by an oral acknowledgment of the debt, or it might be done by partial payments on the debt. Now, the exclusive method is by a signed written acknowledgment of the justness of the claim, made subsequent to the accrual of the right of action, and either before or after the bar.''

██ Some criticism is made of the manner in which the defendant pleaded the statute of limitations. The law seems to be that a mere reference to the statute, as by chapter, is so indefinite and uncertain as not to properly raise the question of limitation (17 R. C. L. 992, § 370; 37 C. J. 1219, § 726; 1221, § 727); and, if such reference were all there is

to defendant's answer, we would feel bound to hold that defendant had waived the bar. But, as above indicated, the complaint on its face clearly shows that the claim sued upon was barred, and defendant raised the question, as he had a right to do under the statute, by demurrer, though informally. Subdivision 7, section 3776, Revised Code of 1928, provides the defendant may demur to the complaint when it appears upon the face thereof that the cause of action is barred by limitation. Besides, while the court criticised the defendant's plea of the bar, that was the only defense interposed, and the case was disposed of on the assumption that the plea was sufficient. Indeed, the court sustained the demurrer to the first two causes of action.

The judgment of the lower court is reversed and the cause remanded, with directions that further proceedings be had in accordance herewith.

LOCKWOOD, C. J., and McALISTER, J., concur.