577 P.2d 738

Wayne CHEATHAM and Betty Cheatham, his wife, Appellants,

v.

SAHUARO COLLECTION SERVICE, INC., an Arizona Corporation and United Producers and Consumers Cooperative, Appellees.

No. 1 CA–CIV 3418.

Court of Appeals of Arizona, Division 1, Department B.

Feb. 7, 1978.

Rehearing Denied March 24, 1978.

Cox & Cox by Alfred S. Cox, Phoenix, for appellants.

Robert F. Hughes, Phoenix, for appellees.

## OPINION

EUBANK, Presiding Judge.

This appeal involves the attempt of Sahuaro Collection Service to recover on a promissory note executed by Cheatham. The trial court granted Sahuaro's motion for summary judgment, and Cheatham has appealed, arguing that the obligation is barred by the statute of limitations (A.R.S. § 12–548). We agree with the appellant, and, therefore, reverse.

On April 8, 1965, Cheatham and his wife executed and delivered their promissory note to United Producers and Consumers Cooperative, plaintiffs below. This note was supported by valuable consideration and was for $3,173.22. Payment was to be made in two installments, one on July 15, 1965, and the other on December 1, 1965. The note also provided that the entire sum of principal and interest would become immediately due, at the option of the holder of the note, if any installment was not made on time.

Cheatham paid neither the installment due on July 15, 1965, nor the installment due on December 1, 1965. Thereafter, certain partial payments were made in 1968, 1970, 1971, and 1973. The last of these partial payments was made on December 12, 1973. After crediting all these payments primarily to accrued interest, Co-op claimed a balance of $3,131.50 due under the note. Demand was made, and, when Cheatham failed to pay, Co-op assigned its claim to Sahuaro for collection.

On October 24, 1975, Sahuaro and Co-op commenced an action against Cheatham in the Superior Court to recover the $3,131.50 claimed due, together with $750 as reasonable attorney's fees. Cheatham filed an answer and motion for summary judgment, contending that the action on the promissory note was barred by statute of limitations, A.R.S. § 12–548 (1956). Sahuaro and Co-op filed a cross-motion for summary

judgment, arguing that part payment of the debt constituted an acknowledgment of the debt and a promise to pay it, thus avoiding the bar of the statute of limitations. The trial court granted the motion made by Sahuaro and Co-op and denied Cheatham's motion.

■ Initially, we agree with the appellant's contention that the cause of action accrued and the statute of limitations commenced running on December 1, 1965, the date the final installment was due under the note. A cause of action accrues whenever one person may sue another. *Rogers v. Smith Kline & French Laboratories,* 5 Ariz.App. 553, 555, 429 P.2d 4, 6 (1967). In the case of a promissory note, the cause of action accrues and the statute of limitations begins to run when the debt becomes due. *Baca v. Bank of America, National Trust & Savings Ass'n,* 99 Ariz. 352, 353, 409 P.2d 52, 52 (1965); *Button v. Wakelin,* 41 Ariz. 84, 88, 15 P.2d 956, 958 (1932). Appellees argue that the note provided for a flexible due date and thus, the note did not become due until Co-op declared the entire note due and payable. We believe, however, that the terms of the promissory note are clear. By its terms, the entire note was due and payable on December 1, 1965. The holder's option to declare the note immediately due relates only to his ability to accelerate payment. There is no indication in the note that the holder could unilaterally extend the due date. Contrary to what the appellees urge, a party's failure to assert a cause of action does not mean that the cause of action has not accrued.

■ The applicable statute of limitations here is A.R.S. § 12–548 (1956). According to that section, an action for a debt evidenced by or founded upon a contract in writing must be commenced within six years after the cause of action accrues. Thus, in this case, the statute of limitations barred action on the promissory note on December 1, 1971, six years after the due date. Since the complaint was not filed Until October 24, 1975, the action was barred by the statute of limitations.

■ Sahuaro argues, and the trial court apparently held, that the part payments made by Cheatham in 1968, 1970, 1971, and 1973 were sufficient to lift the bar of the statute. As a matter of law, we cannot agree. Although our Supreme Court has made no definitive pronouncement on the question, it appears to us that under Arizona law part payment does not, in itself, avoid the bar of A.R.S. § 12–548.

■ In order to recover in an action on a debt barred by the statute, the plaintiff must show both an acknowledgment of the debt and a new promise by the debtor to pay the debt. The action is founded on the new promise, with the obligation barred by the statute furnishing the consideration. *John W. Masury & Son v. Bisbee Lumber Co.,* 49 Ariz. 443, 454–55, 68 P.2d 679, 688–89 (1937). Under the common law, there were two ways to evidence an acknowledgment of the debt: (1) a verbal declaration, and (2) part payment. *In Re Hollingshead,* 37 L.R.Ch.Div. 651, 657 (1888). Both of these methods of avoiding the bar of the statute were created by courts to avoid unjust outcomes resulting from a rigid application of the statute. *Id.* *See also,* 51 Am.Jur.2d *Limitation of Actions* § 360. In response to these exceptions, the English Parliament passed Lord Tenterden's Act, which required a verbal declaration be evidenced by a written acknowledgment. Lord Tenterden's Act, however, expressly left the effect of part payment to the courts' determination. *In Re Hollingshead, supra.*

Our statute, A.R.S. § 12–508 (1956), is similar to Lord Tenterden's Act. It states:

When an action is barred by limitation no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the action out of the operation of the law, unless the acknowledgment is in writing and signed by the party to be charged thereby.

Conspicuously absent from our statute is the clause allowing courts to determine the effect of part payment. According to the statute, *no* evidence of an acknowledgment is admissible unless it is in writing and signed by the party to be charged. Our

Supreme Court has indicated that this statute precludes the demonstration of an acknowledgment by part payment alone. In *Steinfeld v. Marteny,* 40 Ariz. 116, 10 P.2d 367 (1932), the court quoted the identically worded predecessor to § 12–508 and stated:

> The above provision recognizes that the bar of the statute may be waived or suspended by the debtor and prescribes just how this may be done. Before this enactment, it could be done by an oral acknowledgment of the debt, or it might be done by partial payments on the debt. Now, the exclusive method is by a signed written acknowledgment of the justness of the claim, made subsequent to the accrual of the right of action, and either before or after the bar.

*Id.* at 123, 10 P.2d at 370. This passage was later cited with approval in *Hyder v. Shamy,* 45 Ariz. 130, 134, 40 P.2d 974, 976 (1935). Admittedly, the language is dicta in both *Steinfeld* and *Hyder.* It is, however, consistent with the express language of § 12–508. We hold, therefore, that part payment alone cannot evidence an acknowledgment of a debt barred by the statute of limitations.[1]

 In its brief, Sahuaro advances a second theory by which it seeks to avoid the bar of the statute of limitations. Sahuaro asserts that the doctrine of equitable estoppel applies to this case and prevents Cheatham from invoking the statute of limitations. Where the facts warrant, an Arizona court may apply the doctrine of equitable estoppel to avoid the bar of the statute of limitations. *See Waugh v. Lennard,* 69 Ariz. 214, 221, 211 P.2d 806, 810 (1949). Sahuaro, however, failed to bring this issue before the trial court in either its pleadings or its motions. Issues not presented to the trial court will not be considered first on appeal. *Milam v. Milam,* 101 Ariz. 323, 325, 419 P.2d 502, 504 (1966); *Bible v. First*

*National Bank of Rawlins,* 21 Ariz.App. 54, 56, 515 P.2d 351, 353 (1973). Therefore, we reject Sahuaro's argument that Cheatham is estopped to assert the statute of limitations. Further, no issue of tolling the statute based on payments made prior to the running of the statute was raised. Finally, no claim was made that payment by check could, under certain circumstances, constitute an acknowledgment.

The only facts before the trial court related to the execution of the note and the partial payments by Cheatham. Since part payment is not sufficient to avoid the bar of the statute of limitations, the trial court should have held that Sahuaro's claim was barred by the statute, and granted Cheatham's motion for summary judgment. Accordingly, we reverse and direct the trial court to enter judgment for Cheatham.

JACOBSON and WREN, JJ., concur.

---

1. We must admit to holding some reservations regarding the justness of this rule. Partial payment which clearly relates to the barred debt is as clear an acknowledgment of the justness of the debt as a written declaration and equally prevents creditors from fraudulently claiming the debtor has acknowledged the justness of the debt. *See Anderson v. Nystrom,* 103 Minn. 168, 114 N.W. 742, 743 (1908); *Cashmar-King*

*Supply Co. v. Dowd & King,* 146 N.C. 191, 59 S.E. 685, 686 (1907). Nevertheless, we must, as accurately as we are able, discern the intent of the legislature in enacting § 12–508 by examining the language of the statute and heeding the pronouncements of our Supreme Court. Our examination has led us to the conclusion expressed above.