622 P.2d 15

**Lawrence H. AUTENREITH, and Mary Lou Autenreith, husband and wife, Plaintiffs/Appellants/Cross Appellees,**

v.

**Allan J. NORVILLE and Alfena Norville, husband and wife, and Financial Associates, Inc., a corporation, Defendants/Appellees/Cross Appellants.**

**No. 2 CA–CIV 3481.**

Court of Appeals of Arizona, Division 2.

June 11, 1980.

Rehearing Denied July 22, 1980.

Review Granted Sept. 9, 1980.

## OPINION

RICHMOND, Judge.

Appellants' action to rescind their purchase of a liquor store and appellees' counterclaim for the unpaid purchase price were tried to a jury, which returned a verdict for appellees. After first entering judgment on the verdict, the trial court granted appellants' motion for new trial based on erroneous jury instructions. Subsequently, however, on appellees' motion, the order granting a new trial was vacated.

Appellants conceαe the sufficiency of the evidence to support the judgment but argue that it must be reversed because of error in the jury instructions. In equity, where the jury's role is advisory only, erroneous instructions do not mandate reversal unless the error clearly indicates the court was under a basic misconception of the governing law. *Kostolansky v. Lesher*, 95 Ariz. 103, 387 P.2d 804 (1963). Appellants sought an equitable remedy and the nature of the case is not changed by the fact that denial of rescission resulted in a money judgment for appellees on the counterclaim.

The unusual post-trial course of events makes any error in the jury instructions immaterial. Having first acknowledged error in the instructions that are challenged on this appeal, the trial judge nonetheless vacated her order granting a new trial, reinstating the judgment in favor of appellees. She did not specify her reason for granting the motion to vacate, which was based on the alternative grounds that the instructions were not erroneous or that any error was not prejudicial since the ultimate decision on the facts was that of the court. If the motion was granted on the second ground (and it was appellants' burden to establish otherwise) any "basic misconception" of the governing law that may have existed at the time the jury was instructed had been corrected by appellants on their motion for new trial before the court decided the contested issues in favor of appellees. In any event, it cannot be said that any error in the instruction clearly

Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P. C., by John F. Molloy and D. Michael Mandig, Tucson, for plaintiffs/appellants/cross appellees.

Miller, Pitt & Feldman, P. C., by Gerald Maltz and Robert A. Fortuno, Tucson, for defendants/appellees/cross appellants.

indicates the court was under a basic misconception of the governing law at the time the judgment was reinstated. Therefore, if there was error in the instructions it was meaningless. *Decker v. Ramenofsky*, 91 Ariz. 97, 370 P.2d 258 (1962).

Appellees by cross-appeal question the trial court's failure to award attorney's fees pursuant to A.R.S. § 12–341.01. Like the determination on the merits of the claim for rescission, the issue of attorney's fees has left an unusual wake. The judgment entered June 18, 1979, provided for the award to appellees of attorney's fees "as may be fixed by the Court." Appellees' motion for attorney's fees supported by affidavit was heard in conjunction with the motion for new trial and denied in the order that was later vacated. After the June 18 judgment was reinstated appellees renewed their motion to fix attorney's fees but appellants perfected their appeal before the trial court ruled on the renewed motion. Denial of the motion thereafter was a nullity, jurisdiction of the trial court having been divested by appellants' perfection of their appeal. *Burkhardt v. Burkhardt*, 109 Ariz. 419, 510 P.2d 735 (1973). This court, however, has jurisdiction to award such fees under 17A A.R.S. Rules of Civil Appellate Procedure, rule 21(c). There being no dispute as to the reasonableness of the amount claimed, the judgment of the trial court is modified to award appellees the additional sum of $21,645.80 as attorney's fees incurred in superior court and as so modified is affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.