622 P.2d 1

Lawrence H. AUTENREITH, and Mary
Lou Autenreith, husband and wife,
Appellants/Cross Appellees,

v.

Allan J. NORVILLE and Alfena Norville,
husband and wife, and Financial Associ-
ates, Inc., a corporation, Ap-
pellees/Cross Appellants.

No. 15002–PR.

Supreme Court of Arizona,
In Banc.

Nov. 19, 1980.

Supplemental Opinion on Denial of
Rehearing Jan. 14, 1981.

Molloy, Jones, Donahue, Trachta, Childers
& Mallamo, P. C., by John F. Molloy, D.
Michael Mandig, Tucson, for appellants.

Miller, Pitt & Feldman, P. C., by Gerald
Maltz, Robert A. Fortuno, Tucson, for ap-
pellees.

HOLOHAN, Vice Chief Justice.

Appellants, Lawrence and Mary Lou Au-
tenreith, filed an action in superior court to
rescind a contract they had entered into
with appellees, Allan and Alfena Norville.
The Norvilles counterclaimed for the bal-
ance due under the contract. After a jury
trial, a verdict was returned for the Nor-

villes on their counterclaim. Judgment was entered, and the Autenreiths appealed. The Norvilles filed a cross-appeal. The Court of Appeals affirmed the judgment of the superior court. In addition the Court of Appeals awarded the Norvilles $21,646.00 as reasonable attorney's fees. *Autenreith v. Norville,* 127 Ariz. 456, 622 P.2d 15 (App. 1980). We granted the petition for review filed by the Autenreiths. The opinion of the Court of Appeals is vacated.

The facts established at trial were that the appellants entered into an agreement with the appellees to purchase the Liquor Barrel, a retail liquor store owned by appellees. For a number of reasons not pertinent to this opinion the transaction began to unravel. Charging misrepresentation by the appellees, appellants brought suit to rescind the contract. Appellees denied the allegations of misrepresentation and instituted a counterclaim for the unpaid balance of the purchase price.

The case was tried to a jury which the parties agreed was advisory because of the equity nature of the rescission claim. The jury returned a verdict for appellees on their counterclaim and the trial court entered a judgment in accordance with this verdict, plus attorney's fees "as may be fixed by the court." Appellants filed a motion for a new trial based upon the fact that the trial court's jury instructions contained misstatements of law. The trial court heard argument and granted the motion for a new trial and also denied appellees' application for award of attorney's fees. Appellees then filed a motion to vacate the order for a new trial, arguing that even if the jury instructions were incorrect, any error was harmless since the jury was merely advisory. The trial court granted the motion and vacated the order for a new trial. Appellees then renewed their motion for attorney's fees. Before the trial court could rule on this motion, however, the appellants filed a notice of appeal. Appellees filed a cross-appeal from the order denying their application for attorney's fees.

There are two issues which require resolution. First, was it reversible error for the trial court to vacate its prior order granting a new trial? Second, should the appellees be awarded attorney's fees as the successful party in the litigation?

 The appellants urge that the case be reversed because of errors in the jury instructions. The rule is, however, that in equity cases where the jury's role is advisory only, erroneous jury instructions do not result in a reversal of the case, unless the error clearly indicates the trial court was under a basic misconception of the applicable law. *Kostolansky v. Lesher,* 95 Ariz. 103, 387 P.2d 804 (1963). The action of the trial judge in acknowledging error in the instructions by granting a new trial on that basis shows that the trial court was aware of the applicable law. The action of the trial judge in later reinstating the judgment in favor of appellees was the result of the decision of the trial judge in considering the evidence and the applicable law. Any error in the instructions given the jury is not prejudicial under the circumstances of this case. *See Decker v. Ramenofsky,* 91 Ariz. 97, 370 P.2d 258 (1962).

The appellees by cross-appeal maintain that they have been successful in the trial court and on appeal on the issues presented by appellant; therefore, they contend that they are entitled to the award of attorney's fees pursuant to Rule 21(c) of the Rules of Civil Appellate Procedure, 17A A.R.S. The cited rule provides:

> "21(c) Attorneys' Fees Taxable as Costs. When attorneys' fees are recoverable by statute or contract, the claim for such fees in connection with the prosecution or defense of an appeal may be included in the statement of costs prescribed by Rule 21(a). The claim for attorneys' fees for the prosecution or defense of the case in superior court may also be included, provided that the superior court has not previously awarded such fees."

The application of Rule 21(c) occurs when attorney's fees are recoverable by statute or contract. In this instance the claim for attorney's fees is based upon statute, name-

**444**

ly, A.R.S. § 12–341.01 which provides in part:

> "A. In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees. This section shall in no manner be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney's fees." A.R.S. § 12–341.01 A.

■ The above statute provides that attorney's fees *may* be awarded. The language is permissible, and there is no requirement that the trial court grant attorney's fees to the prevailing party in all contested contract actions. *Title Ins. Co. of Minn. v. Acumen Trading Co.*, 121 Ariz. 525, 591 P.2d 1302 (1979). We have also held that if the judgment entered by the trial court does not contain a provision for attorney's fees it must be concluded that the trial court denied an award for such fees. *Title Ins. Co. of Minn. v. Acumen Trading Co.*, *supra.* Rule 21(c) does not change the foregoing principles. Where the trial court has declined to award attorney's fees under A.R.S. § 12–341.01 A to the successful party, Rule 21(c) does not empower an appellate court to ignore the ruling of the trial court and make an award to the successful party for the work done in the trial court. Rule 21(c) is applicable to situations where a party is entitled of right, either contractual or statutory, to attorney's fees in the trial court but through error was not granted such fees.

■ Since, as we noted previously, the statute providing for attorney's fees is permissive, the awarding of attorney's fees was a matter within the discretion of the trial court. We cannot substitute our judgment for that of the trial judge, and there is nothing presented which shows that the action of the trial judge was an abuse of discretion.

The judgment of the superior court is affirmed.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ., concur.

SUPPLEMENTAL OPINION

HOLOHAN, Vice Chief Justice.

The motions of the parties for rehearing indicate that we should clarify our previous opinion.

Some confusion has arisen from our statement in the previous opinion that the judgment of the superior court is affirmed. In using the term judgment, we meant to include the judgment of June 18, 1979, and the written signed order of August 27, 1979, which denied attorney's fees.

Appellees originally filed their cross-appeal from the order of August 27, 1979, denying attorney's fees. We have upheld the ruling of the trial court in that order.

The motions of both parties for rehearing are denied. The request for oral argument is denied.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ., concur.