OPINION
BIRDSALL, Judge.
After a trial to the court, and after both parties had submitted memoranda and proposed facts and conclusions of law, the trial court ruled that the action was barred by the ' statute of limitations under A.R.S. § 44-2404. We agree.
The facts are not in dispute. Appellee Wayne C. Webb bought á mobile home from E-Z Livin’ Mobile Sales, Inc. in Tucson on July 17, 1971, with E-Z Livin’ retaining a security interest in the mobile home. The security interest and the seller’s right under the contract were assigned to Western Coach Corporation and by Western Coach to Old Kent Bank and Trust Co. Webb made only three payments of $79.17 to the Old Kent Bank. The sales contract provided:
“If Purchaser defaults under this contract, or if Seller should deem itself or Mobile Home insecure, the unpaid portion of the Time Balance shall, without notice, at the option of Seller, become due forthwith. Purchaser agrees in such case to pay said amount to Seller, upon demand, or, at the election of Seller, to deliver Mobile Home to Seller.”
The mobile home was taken by Western Coach from Webb’s address in December 1971 without notice to Webb. It remained in Western Coach’s possession, unoccupied, for nine years.
Western Coach, after retaking the home, made an agreement with Old Kent Bank to *508 make interest-only payments in consideration of Old Kent Bank’s foregoing action against Western Coach by reason of the default of Webb in failing to make the monthly payments. In October 1980 Western Coach ceased making the interest-only payments to the Old Kent Bank. Contemporaneously with the action of Western Coach, Delta Investment Corporation paid to Old Kent Bank the entire amount due to it, $9,262.89, and the secured party’s interest was assigned to Delta. Delta then assigned to Wheel Estate Corporation, the plaintiff and appellant in the instant litigation.
On December 2, 1980, Wheel Estate sent by certified mail a notice of sale to Webb. The court found as a fact that Webb did not receive the notice. On December 22, 1980, a repossession sale was held in Phoenix and, after auction, the home was sold to Gulf Homes, Inc. for $5,000, leaving a deficiency of over $4,000.
The court found that the default of Webb occurred in December 1971 and that the secured parties’ cause of action accrued on the contract at that time. Pursuant to A.R.S. § 44-2404, an action on a contract for sale must be commenced within four years after the cause of action accrues. The court ruled that since this action did not commence until August 28, 1981, more than four years after the action accrued, and since any existing defenses or claims available against the original secured party would still be available against the assignee of the secured party pursuant to A.R.S. § 44-3139, the action was barred by the statute of limitations.
Appellants argue that since Webb was obligated to make monthly payments, the failure to make each payment constituted a separate breach and that the period of limitation did not commence until the date when the full amount was declared due or accelerated, i.e., December 2, 1980, citing Campbell v. Graham-Armstrong, 9 Cal.3d 482, 107 Cal.Rptr. 777, 509 P.2d 689 (1973). It is true that absent a demand for the entire unpaid balance, the failure of Webb to pay each installment would arguably be a series of breaches, each giving rise to a separate cause of action. See Jones v. Wilton, 10 Cal.2d 493, 75 P.2d 593 (1938); 4 Corbin on Contracts, § 951 (1951); 54 C.J.S. Limitation of Action, § 150, pp. 90-93. cf. Cheatham v. Sahuaro Collection Service, Inc., 118 Ariz. 452, 577 P.2d 738 (App.1978). However, the record before us establishes that the assignees exercised the option to accelerate by taking possession of the mobile home. See Markle v. Columbia Union National Bank & Trust Co., 483 S.W.2d 682 (Mo.App.1972) and see generally 79 CJ.S.Supp. Secured Transactions § 98. Since E-Z Livin’ had assigned the sellers’ interest, the option to accelerate was vested in the assignee. As an assignee, Western Coach retook the mobile home from Webb in December 1971, thus exercising its option under the acceleration clause of the contract, and the cause of action therefore accrued simultaneously. The trial court correctly ruled that the action was barred by the statute of limitations.
Appellees cross-appeal from the trial court’s refusal to grant them attorney fees and additionally move this court to award attorney fees on appeal. The trial court ruled that each party should pay his own attorney fees and costs. Under A.R.S. § 12-341.01, the trial court is permitted to award attorney fees to the prevailing party. Since the language is permissive, it is left to the court’s discretion whether to award fees. Autenreith v. Norville, 127 Ariz. 442, 622 P.2d 1 (1980); Earven v. Smith, 127 Ariz. 354, 621 P.2d 41 (App.1980). An appellate court will not substitute its discretion for that of the trial court if the record contains a reasonable basis to sustain the exercise of that discretion. Grand Real Estate, Inc. v. Sirignano, 139 Ariz. 8, 676 P.2d 642 (1983); Associated Indemnity Corporation v. Warner, (No. 1 CA-CIV 6011, filed July 18, 1983). In Associated Indemnity Corporation, supra, Division One of this court enumerated various factors that might influence a trial court in deciding whether to award the prevailing party his fees. Among them are:
“1. The merits of the claim or defense presented by the unsuccessful party-
*509 2. The litigation could have been avoided or settled and the successful party’s efforts were completely superfluous in achieving the result.
3. Assessing fees against the unsuccessful party would cause an extreme hardship.
4. The successful party did not prevail with respect to all of the relief sought.” 1 CA-CIV 6011 at p. 8.
The record does not disclose the trial court’s reasoning for denying appellees their attorney fees, and the record does not contain any reasonable factual justification for the denial. On the contrary, examination of the record in light of the factors listed above militates in favor of awarding fees. The lawsuit was filed approximately six years after the statute of limitations had expired and the appellees’ efforts were unnecessarily expended. Additionally, the trial court found that all of the various corporations involved in this transaction other than perhaps Old Kent Bank were basically the alter ego of one Max Morgan, and that the acts of repossession and holding of the mobile home for nine years were apparently done with the intent to effect a repossession sale, to clear the title to the home and to create a purported deficiency on the contract. Since appellant was involved in the scheme which gave rise to this meritless litigation, denial of appellees’ claim for attorney fees was not justified. The judgment entered in favor of appellees is modified to award appellees $1,040 in attorney fees. We also award attorney fees in the amount of $500 to appellees since we find the appeal was frivolous. The trial court ordered that each party pay their own costs. A.R.S. § 12-341 provides the successful party shall recover his costs. We remand with directions to enter judgment in favor of the appellees for the attorney fees of $1,540 and costs to be determined.
Affirmed in part and remanded in part.
HOWARD, C.J., and HATHAWAY, J., concur.