804 P.2d 841

**ADAMS INSULATION CO., an Arizona partnership, Plaintiff/Appellee,**

v.

**LOS PORTALES ASSOCIATES LIMITED PARTNERSHIP, an Arizona limited partnership, and HSL Properties Limited Partnership, an Arizona limited partnership, Defendants/Appellants.**

**No. 2 CA–CV 90–0147.**

Court of Appeals of Arizona, Division 2, Department B.

Jan. 15, 1991.

Durazzo & Eckel, P.C. by Neal Eckel, Tucson, for plaintiff/appellee.

Waterfall, Economidis, Caldwell, Hanshaw & Villamana, P.C. by Cary Sandman, Tucson, for defendants/appellants.

OPINION

FERNANDEZ, Chief Judge.

The sole issue raised on this appeal is whether appellee Adams Insulation Compa-

ny was a licensed contractor at the time that its cause of action to foreclose its mechanic's lien arose. We agree with the trial court that it was and affirm the entry of summary judgment in favor of appellee.

In Arizona, a commercial contractor was not required to be licensed between July 1, 1981 and June 30, 1987. *See* 1989 Ariz. Sess.Laws ch. 98, § 3. In January 1987 appellee entered into an agreement with Tashman Building Company to furnish and install insulation in an apartment project owned by appellants Los Portales Associates Limited Partnership and HSL Properties Limited Partnership. The materials were furnished on October 30 and December 7, 1987. After the licensing laws were changed in July 1987, appellee was granted a temporary license by the registrar of contractors. The license was scheduled to expire October 1, 1987, but it was extended to December 31, 1987. Appellee was denied a permanent license because it had twice renewed its license showing as the qualifying party a person who was no longer with the company.

█ Appellee recorded its lien on March 16, 1988 and sued to foreclose the lien on April 21, 1988. It then moved for summary judgment, which appellants opposed, arguing that appellee was not entitled to foreclose its lien because it was not licensed at the time the lien was recorded. The trial court rejected that argument, finding that the lien comes into existence at the time the work is performed.

Pursuant to A.R.S. § 32–1153, a contractor is not permitted to sue to collect compensation for acts performed for which a license is required unless the contractor alleges and proves that it was licensed "when the contract sued upon was entered into and when the alleged cause of action arose." It is not disputed that appellee was not required to be licensed when the parties contracted. The only question is when the claim arose.

█ As appellants have pointed out, a cause of action arises when a party has the right to file suit. *Pioneer Roofing Co. v. Mardian Construction Co.*, 152 Ariz. 455, 733 P.2d 652 (App.1986); *Cheatham v. Sa-*

*huaro Collection Service*, 118 Ariz. 452, 577 P.2d 738 (App.1978). Appellants contend that because appellee could not institute suit until its lien was recorded and the lien was not recorded until after its license expired, appellee cannot maintain this action. That argument, however, ignores the nature of mechanics' liens.

█ In Arizona, the recording of a mechanic's lien relates back to an act of the contractor. *Wahl v. Southwest Savings & Loan Association*, 106 Ariz. 381, 476 P.2d 836 (1970); *see also Wallace v. Dave Hansen Construction Co.*, 122 Ariz. 84, 593 P.2d 307 (App.1979). The "lien attaches and *begins to accrue* at the time the labor is commenced or the materials are furnished." *James Weller, Inc. v. Hansen*, 21 Ariz.App. 217, 223, 517 P.2d 1110, 1116 (1973) (emphasis added); *see also* A.R.S. § 33–992. We find no merit to appellants' contention that the relation back rule applies only to a determination of lien priorities. It would make no sense to have one rule on priorities and a different one on the right to sue.

█ A mechanic's lien is a statutory enforcement procedure enacted to protect laborers and material suppliers, *Ranch House Supply Corp. v. Van Slyke*, 91 Ariz. 177, 370 P.2d 661 (1962); it does not, however, create the cause of action. That arises when the contractor performs and is not paid for that performance. "A lien is a method to secure payment of an obligation and is distinct from the obligation it secures." *Mathis v. Liquor Board*, 146 Ariz. 570, 574, 707 P.2d 974, 978 (App.1985).

We also find no merit to the Oregon cases cited by appellants. Unlike Arizona's statute, the Oregon statute requires a contractor to be registered at the time the lien is filed or suit is commenced.

Appellee's request for attorney's fees pursuant to Rule 25, Ariz.R.Civ.App.P., 17B A.R.S., is denied.

Affirmed.

ROLL, P.J., and HOWARD, J., concur.