NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUN 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATRINA PERKINS STEINBERGER, individually and as Executor of the Estate of the deceased: estate of Charles A Perkins, <br><br>     Plaintiff-counter-defendant-3rd-party-defendant-Appellant, <br><br>   v. <br><br> OCWEN LOAN SERVICING, LLC, a Limited Liability Company and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, <br><br>     Defendants-Appellees, <br><br> INDYMAC MORTGAGE SERVICES, a division of OneWest Bank FSB - a Federally Chartered Savings Bank and DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for IndyMac INDX Mortgage Loan Trust 2005-AR14, Mortgage Pass-Through Certificates Series 2005-AR14 trustee of IndyMac INDX Mortgage Loan Trust 2005-AR14, <br><br>     Defendants-counter-claim-3rd-party-plaintiffs- | No. 17-15314 <br><br> D.C. No. 2:15-cv-00450-ROS <br><br> MEMORANDUM[*] |

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellees,

   v.

SAGUARO DESERT TRUST,

     Third-party-defendant-
     Appellant.

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted June 12, 2018
San Francisco, California

Before:  SCHROEDER, GOULD, and DIAZ,** Circuit Judges.

Katrina Steinberger appeals the district court's judgment of judicial foreclosure in favor of Deutsche Bank National Trust Company.  We affirm.

Arizona law provides a creditor with six years to foreclose on a property secured by a deed of trust.  Ariz. Rev. Stat. ("A.R.S.") § 33–816; A.R.S. § 12–548. This statute of limitations begins to run when a creditor exercises its power to accelerate a loan.  *Andra R Miller Designs LLC v. US Bank NA*, No. 1 CA-CV 16-0723, 2018 WL 828311, at *4 (Ariz. Ct. App. Feb. 13, 2018).  The parties agree that the mortgage on Steinberger's home was accelerated on February 17, 2009 and

---

**       The Honorable Albert Diaz, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

2

that the statute of limitations had run by the time Deutsche Bank brought its judicial foreclosure counterclaim. They dispute whether some act served to toll the limitations period.

Deutsche Bank posits three methods by which the statute of limitations was tolled. First, Deutsche Bank says it decelerated the debt, second it argues that equitable tolling principles apply in this case, and third it claims Steinberger acknowledged the debt in a separate writing. We focus on this last contention and conclude that Steinberger's written acknowledgment of the debt, both in the forbearance agreement and in her Home Affordable Modification Program (HAMP) application, tolled the six-year statute of limitations. *See Miller Designs*, 2018 WL 828311, at *5 n.3. "To be effective, an acknowledgment must sufficiently identify the obligation, state an express or implied promise to pay, and contain a direct or implied expression of the 'justness' of the debt." *Dalos v. Novaheadinc.*, No. 1 CA-CV 07-0459, 2008 WL 4182996, at *2 (Ariz. Ct. App. Mar. 18, 2008) (quoting *Freeman v. Wilson*, 485 P.2d 1161, 1165–66 (Ariz. 1971)). An acknowledgment, however, need not specify the exact amount or nature of the debt. *Freeman*, 485 P.2d at 1165.

The forbearance agreement specified the loan number and property subject to the agreement, sufficiently identifying the obligation. Steinberger also acknowledged the creditor's right to resume "normal collection servicing" upon a

3

breach of the agreement, which represented an implied promise to pay the original debt. Finally, the fact that Steinberger made the payments required under the plan is a "clear [] acknowledgment of the justness of the debt." *Cheatham v. Sahuaro Collection Serv., Inc.*, 577 P.2d 738, 741 n.1 (Ariz. Ct. App. 1978).

The hardship affidavit attached to Steinberger's HAMP application had the same effect. This included her agreement "that all terms and provisions of your current mortgage note and mortgage security instrument remain in full force and effect and you will comply with those terms."[1] Steinberger then made the required monthly payments due on the note during the trial period, again acknowledging the justness of the debt. Thus we hold that the statute of limitations was tolled, making Deutsche Bank's judicial foreclosure action timely.

Deutsche Bank also has the power to bring a judicial foreclosure action as a note holder with a valid chain of title. Steinberger's focus on the fact that payments from her mortgage, and thousands of others, are bundled and forwarded to outside investors is irrelevant. What matters is that Deutsche Bank holds title as

---

[1] In a letter filed after oral argument, Steinberger incorrectly claims that the terms of the loan modification program were not part of the Excerpts of Record, and thus cannot form a basis for our decision. In fact, both the forbearance agreement and HAMP application are in the Excerpts of Record submitted by Steinberger. And because the documents were also submitted by Steinberger in support of her motion for summary judgment, they constitute part of the record on appeal in all events. *See* Ninth Cir. R. 10-2 (stating that the complete record on appeal includes pleadings, papers, and exhibits filed in the district court).

a result of a valid assignment and that the loan documents permit the note holder to foreclose. *Cf. Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 847–48 (Cal. 2016) (recognizing that a debtor may challenge a foreclosure by arguing the note holder does not have a valid chain of title). By arguing otherwise, Steinberger tries to use third-party contracts to alter her obligations under the original deed of trust and promissory note. *See Shattuck v. Precision-Toyota, Inc.*, 566 P.2d 1332, 1334 (Ariz. 1977) ("[A] court must give effect to the contract as it is written . . . . It is not within the province or power of the court to alter, revise, modify, extend, rewrite or remake an agreement."); *Kentera v. Fremont Inv. & Loan*, No. CV-10-8259-PHX-GMS, 2012 WL 1132760, at *5 (D. Ariz. Apr. 4, 2012) (holding trustee met mortgage note's requirement that a holder be "entitled to payment even if it, through the trust, forwarded that payment to others") (internal quotation marks omitted).

Steinberger's remaining contentions related to the district court's discovery orders are without merit. "The district court is the best judge of its own orders," and we will defer to its interpretation "absent a definite and firm conviction that the district court made a clear error of judgment." *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 832, 836 (9th Cir. 2011). Steinberger provides no reason why the district court's interpretation of its scheduling order was unreasonable and we therefore decline to disturb its conclusion that the defendants'

Rule 26 disclosures were timely.

Steinberger also complains, for the first time on appeal, that she was denied access to full and fair discovery by having to confer and then summarize the issue in dispute in a one-page memorandum before making a discovery motion. However, since Steinberger failed to raise the issue before the district court, her claim is waived on appeal. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1140 (9th Cir. 2002). In any event, Steinberger's inability to point to a single instance where the district court failed to understand her position or denied her access to important discovery shows the court did not abuse its discretion in limiting discovery motions.

**AFFIRMED.**