930 P.2d 1007

NAVY FEDERAL CREDIT UNION,
a Federal Credit Union,
Plaintiff/Appellee,

v.

Susan J. JONES, formerly known
as Susan J. McGlothen, Defendant/Appellant.

No. 2 CA–CV 96–0145.

Court of Appeals of Arizona,
Division 2, Department B.

Dec. 26, 1996.

Robert Suzenski, P.C. by Robert Suzenski, Phoenix, for Plaintiff/Appellee.

McCarville, Cooper & Vasquez, P.C. by Joseph R. Georgini, Casa Grande, for Defendant/Appellant.

## OPINION

DRUKE, Chief Judge.

■ In this appeal from summary judgment we must decide when the six-year statute of limitations in A.R.S. § 12–548 begins to run on an unmatured installment obligation that contains an optional acceleration clause. We hold that the six-year period commences on the due date of each matured but unpaid installment and, as to unmatured future installments, the period commences on the date the creditor exercises the optional acceleration clause. We state the facts in the light most favorable to appellant Susan Jones, the party against whom the trial court granted summary judgment. *Hill–Shafer Partnership v. Chilson Family Trust,* 165 Ariz. 469, 799 P.2d 810 (1990).

In June 1981, Jones and her husband executed a promissory note in the principal amount of $13,800, payable to appellee Navy Federal Credit Union (NFCU) over 15 years in equal monthly installments of $203.54. The note contains an acceleration clause that provides in pertinent part: "[I]f I fail to make payments as promised, the balance of this note plus interest shall become immediately payable without further notice to me, at the option of Navy Federal Credit Union." In May 1983, Jones and her husband divorced and, under the terms of their marital settlement agreement, he agreed to pay the note. In January 1989, she learned that he was terminally ill and in arrears on the note; two months later he died.

In February 1994, NFCU sent Jones written demand for full payment of the note and, when payment was not made, NFCU filed this cause of action on June 15, 1994. Jones answered, admitting that she had executed the note and that it was in default, but asserting the affirmative defenses of laches and the six-year statute of limitations in § 12–548. Based on Jones's admissions in the answer, NFCU moved for summary judgment. Jones filed a combined opposition and cross-motion for summary judgment, claiming that § 12–548 barred NFCU's action. Without comment, the trial court granted NFCU's motion and denied Jones's cross-motion. Jones moved for reconsideration, which the court denied, and this appeal followed.

Jones contends that § 12–548 bars NFCU's action because it was not filed within six years after it accrued, which she claims occurred when her now-deceased husband defaulted on the installment payments. NFCU counters that its action did not accrue

until it exercised the optional acceleration clause by demanding full payment of the note. Both parties are partly correct.

■ Jones is partly correct because, as we observed in *Cheatham v. Sahuaro Collection Serv., Inc.*, 118 Ariz. 452, 454, 577 P.2d 738, 740 (App.1978), "[a] cause of action accrues whenever one person may sue another." Although *Cheatham* involved an installment note, it did not address the precise issue raised here of when a cause of action accrues on a defaulted installment of an unmatured note.[1] Most courts that have addressed the issue rule that the action accrues and the statute of limitations runs against each installment from the time it becomes due. *See United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1490 (9th Cir.1993) (statute applies to each installment separately and does not begin to run until installment due); *Central Home Trust Co. of Elizabeth v. Lippincott*, 392 So.2d 931, 933 (Fla.App.1980) (action accrues day after each installment due); *Honn v. National Computer Systems, Inc.*, 311 N.W.2d 1, 2 (Minn.1981) (separate action arises and limitation begins when each installment due); *General Theraphysical, Inc. v. Dupuis*, 118 N.H. 277, 385 A.2d 227, 228 (1978) (statute runs against each installment as it becomes due); *Farmers & Merchants Bank v. Templeton*, 646 S.W.2d 920, 923 (Tenn.App.1982) (action accrues and statute runs from default on each installment). Thus, Jones is partially correct in contending that each time her husband defaulted on an installment payment, NFCU could have sued for the amount of that installment any time within the six-year statute of limitations.

NFCU is also partly correct, however, because it exercised the optional acceleration clause by demanding full payment of the note before all installments became due. When this occurs, most jurisdictions rule that the statute of limitations runs as to future installments from the date the creditor exercises the acceleration clause. *See Dos Cabezas Corp.* (action for future installments accrues when their due date accelerated); *Central Home Trust* (statute commences on installments not yet due when holder exercises right to accelerate); *Wall v. Citizens & Southern Bank of Houston County*, 247 Ga. 216, 274 S.E.2d 486, 487 (1981) (statute runs from date of acceleration rather than date of last installment); *Templeton* (action for unmatured installments accrues when creditor takes advantage of acceleration clause).

■ The interplay of these two rules is summarized as follows in 54 C.J.S. LIMITATIONS OF ACTIONS § 153 (1987):

[I]f the acceleration clause in a debt payable in installments is optional, a cause of action as to future nondelinquent installments does not accrue until the creditor chooses to take advantage of the clause and accelerate the balance. Unless the creditor exercises the option, the statute of limitations applies to each installment separately, and does not begin to run on any installment until it is due. . . .

Moreover, whether or not an instrument contains an acceleration clause, exercised or not, is of no moment to the accrual of a cause of action for a *defaulted* installment, since an acceleration clause only accelerates the due date of *future* installments to the date of the exercise of the right of acceleration.

*Id.* at 201 (emphasis added). We agree with and therefore adopt these two rules. The rule on defaulted installments encourages creditors to begin collection efforts before the last installment of a multi-year obligation is due. This furthers the purpose of a limitation statute such as § 12–548 by relieving "defendants and the courts from litigation of stale claims." *In re Estate of Musgrove*, 144 Ariz. 168, 171, 696 P.2d 720, 723 (App.1985). On the other hand, the rule on future installments subject to acceleration gives the parties flexibility "to continue to work toward amicable and fair resolutions between themselves rather than immediately drawing litigation swords and marching off to a courthouse." *Phoenix Acquisition v. Campcore*,

---

1. In *Cheatham* the entire note had matured ten years before the creditor filed its cause of action. The creditor argued the six-year statute did not bar the action because the note's due date was extended either by the optional acceleration clause or by the debtor's partial payments. The court rejected both arguments.

**496**

*Inc.*, 81 N.Y.2d 138, 596 N.Y.S.2d 752, 755, 612 N.E.2d 1219, 1222 (1993).

Applying the two rules here, we conclude that the trial court properly granted NFCU summary judgment for the unmatured future installments. NFCU exercised the acceleration clause as to those installments on February 7, 1994, and filed the action against Jones four months later on June 15, 1994, well within the six-year statute of limitations. We also conclude that the court properly granted summary judgment for the unpaid installments that came due after June 15, 1988, because that is the earliest date the six-year statute could have commenced on those defaulted installments. Finally, we conclude that the statute bars NFCU's action on the defaulted installments that came due before June 15, 1988. We cannot tell from the record, however, whether these earlier defaulted installments may have been included in the judgment and therefore remand the matter to the trial court for that determination.

Jones also argues on appeal that NFCU's action is barred by laches. We decline to address this issue because Jones failed to raise it in her motion for summary judgment. *Cohn v. Indus. Comm'n,* 178 Ariz. 395, 398, 874 P.2d 315, 318 (1994).

Remanded for further proceedings. The parties shall bear their own costs and attorney's fees on appeal.

HATHAWAY and PELANDER, JJ., concur.