278 P.3d 321

**BASELINE FINANCIAL SERVICES, Plaintiff/Appellant,**

v.

**Ruth MADISON, Defendant/Appellee.**

**No. 1 CA–CV 11–0557.**

Court of Appeals of Arizona, Division 1, Department C.

June 5, 2012.

Skarecky & Holder P.A. By William W. Holder, Phoenix, Attorneys for Plaintiff/Appellant.

Clarke Law Firm P.L.C., By Marilee Miller Clarke, Scottsdale, Attorneys for Defendant/Appellee.

**OPINION**

DOWNIE, Judge.

¶ 1 Baseline Financial Services ("Baseline") appeals from the grant of summary judgment to Ruth Madison on statute of limitations grounds. We hold that the breach of contract claim at issue accrued when Baseline's predecessor in interest repossessed Madison's vehicle under an installment sales contract with an optional acceleration clause, not on an earlier date when Madison's debt was written off as uncollectible. We therefore reverse the judgment of the superior court and remand for further appropriate proceedings.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Madison purchased a 2000 Cadillac from Lund Cadillac in July 2003. She financed the purchase, signing a retail installment contract (the "Contract") that contained the following language:

Upon the happening of any of the foregoing Events of Default and at any time thereafter, we may, at our option, and without notice to you, declare all of your indebtedness to us to be immediately due and payable, and we shall have the rights, duties and remedies of a secured party, and you shall have the rights and duties of a debtor, under the Uniform Commercial Code as adopted in the State of Arizona, and without limitation thereto, we shall have the following specific rights: (a) To take immediate possession of the Vehicle without notice or resort to legal process. . . . If the proceeds of the sale, less allowed expenses, are not sufficient to pay the net amount still owed on this Contract, then, to the extent permitted by law, we may recover the deficiency with interest at the Annual Percentage Rate from you. . . .

Under the Contract, failing to make an installment payment when due constitutes an "Event[ ] of Default." Lund assigned the Contract to Community First National Bank. Thereafter, Bank of the West ("the Bank") acquired the Contract.

¶ 3 Madison stopped making loan payments in 2006. The Bank internally charged off her loan in August 2006 but did not repossess the Cadillac until December 2007. After selling the vehicle, the Bank applied the sales proceeds to Madison's debt and asserted an outstanding principal balance of approximately $21,000.

¶ 4 The Bank assigned the Contract to Baseline. In November 2010, Baseline sued Madison for breach of the Contract. Baseline moved for summary judgment. Madison filed a cross-motion for summary judgment, arguing Baseline's claim was barred by the statute of limitations and under the doctrine of laches. The superior court granted summary judgment to Madison on statute of limitations grounds, stating:

[T]he cause of action accrued at the time [the Bank] wrote off the debt in August 2006. At that time a balance owed was determined and a complaint for breach of contract could have been filed.

¶ 5 The court denied Baseline's motion for reconsideration, and Baseline timely appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 12–2101(B).

## DISCUSSION

### I. Standard of Review

¶ 6 We review a grant of summary judgment *de novo*, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the party opposing it. *Emmett McLoughlin Realty, Inc. v. Pima County*, 212 Ariz. 351, 353, ¶ 2, 132 P.3d 290, 292 (App.2006) (citations omitted). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(c)(1).

### II. Statute of Limitations

¶ 7 An action for a breach of contract for sale is subject to a four-year statute of limitations. Ariz.Rev.Stat. ("A.R.S.") § 47–2725(A). Generally, a cause of action accrues when the contract is breached. A.R.S. § 47–2725(B). When an installment contract contains an optional acceleration clause, though, an action as to future installments does not accrue until the holder exercises the option to accelerate. *See Navy Fed. Credit Union v. Jones*, 187 Ariz. 493, 495, 930 P.2d 1007, 1009 (App.1996) (claim for balance due accrues when creditor exercises optional acceleration clause, not when first payment is missed); *Wheel Estate Corp. v. Webb*, 139 Ariz. 506, 508, 679 P.2d 529, 531 (App.1983) (cause of action accrues when holder exercises option to accelerate).

¶ 8 The question thus becomes at what point Baseline (or, more accurately, its predecessor in interest) exercised the option to accelerate. Under the majority view, notwithstanding a creditor's contractual ability to accelerate a debt without notice, it must undertake some affirmative act to make clear to the debtor it has accelerated the obligation. *See, e.g., In re Crystal Props., Ltd.,*

268 F.3d 743, 749–50 (9th Cir.2001) (citations omitted) (state and federal courts hold that, even when notice is not required before accelerating a note, the creditor must take affirmative action to notify the debtor it has exercised the option to accelerate); *Greene v. Bursey,* 733 So.2d 1111, 1115 (Fla.Dist.Ct. App.1999) (citation omitted) (although contract waived notice, creditor still must take affirmative action to alert debtor it has exercised option to accelerate); *Moss v. McDonald,* 772 P.2d 626, 628 (Colo.App.1988) (citations omitted) (even if contract permits acceleration without notice, holder "must perform some clear, unequivocal affirmative act" demonstrating it has exercised option to accelerate); *Indus. Inv. Co. v. Vondersmith,* 104 S.W.2d 553, 555 (Tex.Civ.App.1937) (citations omitted) ("[E]lection to accelerate . . . must be exercised . . . in a manner to evidence an intention . . . to effect that result . . . ."); *see also* 16 Causes of Action 391 § 10 ("[U]nder an optional acceleration provision, the defendant's default does not, by itself, accelerate the debt; an overt act by the plaintiff is required to accomplish acceleration."); *but see Fulton Nat'l Bank v. Horn,* 239 Ga. 648, 238 S.E.2d 358, 360 (1977) (when the parties agree that a creditor may accelerate without notice to the debtor, an affirmative act sufficient to constitute notice is not necessary).

¶ 9 We have deemed a variety of actions, including repossession of property, sufficient to demonstrate a creditor's exercise of an optional acceleration clause. *See, e.g., Jones,* 187 Ariz. at 495, 930 P.2d at 1009 (creditor exercised acceleration option by demanding full payment before all installments fell due); *Wheel Estate,* 139 Ariz. at 508, 679 P.2d at 531 (citations omitted) (repossession of property is sufficient exercise of option to accelerate); *Frei v. Hamilton,* 123 Ariz. 544, 547, 601 P.2d 307, 310 (App.1979) (citation omitted) (filing suit to collect entire debt is a sufficient affirmative act).

¶ 10 Madison cites no legal authority for the proposition that an internal charge off of a debt is an act sufficient to exercise an option to accelerate, and we are aware of none. Other courts have rejected such a claim.

¶ 11 In *Central Home Trust Co. of Elizabeth v. Lippincott,* 392 So.2d 931 (Fla.Dist.Ct. App.1980), the borrowers signed an installment note payable to Central Home Trust Company of Elizabeth ("Central"). *Id.* at 932. The note gave Central the option to accelerate, without notice, in the event of a default. *Id.* The borrowers defaulted in October 1973, and the debt was charged off in March 1974. *Id.* Central filed suit in September 1979. *Id.* The trial court granted summary judgment to the borrowers, concluding the cause of action accrued when the debt was written off. *Id.* As such, Florida's five-year statute of limitations barred the claim. *Id.*

¶ 12 The Florida court of appeals reversed. *Id.* at 934. It held that writing off a loan as a bad debt does not accelerate the remaining balance for statute of limitations purposes. *Id.* at 933. The court reasoned that a charge off merely manifests the creditor's opinion that the instrument can no longer be regarded as an asset and that such an accounting procedure "has nothing to do with . . . demanding the total debt be paid." *Id.*

¶ 13 Although we are not bound by appellate decisions from other states, we find the reasoning in *Lippincott* both persuasive and consistent with Arizona precedent. As our supreme court has observed:

> Generally, acceleration clauses are viewed as protective devices for the security of the lender. This clause, not being self-executing, is merely exercisable at the lender's option.

*Browne v. Nowlin,* 117 Ariz. 73, 75, 570 P.2d 1246, 1248 (1977) (citation omitted); *see also Peter Fuller Enters., Inc. v. Manchester Sav. Bank,* 102 N.H. 117, 152 A.2d 179, 181 (1959) (optional acceleration clauses are "primarily for the benefit of the creditor . . . and the obligor should not be entitled to take advantage of his own wrong"); *Andrews v. Zook,* 125 Cal.App. 19, 13 P.2d 518, 520 (1932) (same).

¶ 14 And as we explained in *Jones,* "the rule of future installments subject to acceleration gives the parties flexibility 'to continue to work toward amicable and fair resolutions between themselves rather than immediately

drawing litigation swords and marching off to a courthouse,' " 187 Ariz. at 495–96, 930 P.2d at 1009–10 (citation omitted). The record here reflects that the parties communicated after the Bank's charge off, but before the Cadillac was repossessed, in an apparent attempt to "work toward amicable and fair resolution[ ]." *Id.* at 495, 930 P.2d at 1009. As in *Lippincott,* the internal write off was simply an "accounting procedure within the bank" and not an affirmative exercise of the optional acceleration clause. 392 So.2d at 933.

¶ 15 Repossession of the Cadillac in December 2007, on the other hand, *was* an affirmative act sufficient to exercise the acceleration clause. *See Wheel Estate,* 139 Ariz. at 508, 679 P.2d at 531 (citation omitted) ("[T]he assignees exercised the option to accelerate by taking possession of the mobile home."); *see also Markle v. Columbia Union Nat'l Bank & Trust Co.,* 483 S.W.2d 682, 685 (Mo.Ct.App.1972) (describing repossession as "a sufficient overt act" to exercise option to accelerate).

¶ 16 We reverse the judgment of the superior court and remand for further appropriate proceedings, which may include consideration of Madison's laches claim.[1] The superior court has not yet considered that issue given its dismissal on statute of limitations grounds.

### III. Attorneys' Fees

¶ 17 Because Madison is no longer the successful party, we vacate the superior court's award of attorneys' fees to her under A.R.S. § 12–341.01(A). Baseline requests its fees and costs incurred on appeal pursuant to A.R.S. § 12–341.01(A) and the Contract. Because neither party has yet prevailed on the merits, we decline to award fees. After the case is resolved on the merits, the superior court may consider fees incurred on appeal in determining any fee award to the prevailing party. Baseline, however, is entitled to recover its appellate costs upon compliance with ARCAP 21.

### CONCLUSION

¶ 18 For the reasons stated, we reverse the grant of summary judgment to Madison and remand to the superior court for further proceedings consistent with this opinion.

CONCURRING: MICHAEL J. BROWN, Presiding Judge and MAURICE PORTLEY, Judge.

---

1. As noted *supra,* Baseline's action is subject to a four-year statute of limitations. Baseline may not recover for installment payments that fell due more than four years before suit was filed. *See*

*Jones,* 187 Ariz. at 495, 930 P.2d at 1009 (citations omitted) ("[T]he statute of limitations runs against each installment from the time it becomes due.").