IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MERTOLA, LLC, *Plaintiff/Appellant*,

*v.*

ALBERTO J. SANTOS, et al., *Defendants/Appellees*.

No. 1 CA-CV 16-0168
FILED 3-2-2017

Appeal from the Superior Court in Maricopa County
No. CV2014-051213
The Honorable Aimee L. Anderson, Judge

**REVERSED AND REMANDED**

COUNSEL

Law Office of James R. Vaughan PC, Scottsdale
By Brian K. Partridge, Melissa R. Greaves, Eric W. Logvin, James R. Vaughan
*Counsel for Plaintiff/Appellant*

Carl Retter Attorney at Law, Scottsdale
By Carl R. Retter
*Counsel for Defendants/Appellees*

**OPINION**

Presiding Judge Diane M. Johnsen delivered the opinion of the Court, in which Judge Margaret H. Downie and Judge James P. Beene joined.

**J O H N S E N**, Judge:

**¶1**         We hold in this case that, absent agreement to the contrary, a cardholder's failure to make a minimum monthly credit-card payment does not trigger the statute of limitations on a claim for the entire unpaid balance on the account.  Absent contrary terms in the account agreement, the lender's claim for the balance does not accrue, and limitations does not begin to run, until the lender accelerates the debt or otherwise demands payment in full.

## FACTS AND PROCEDURAL HISTORY

**¶2**         Alberto and Arlene Santos accepted a credit card from Washington Mutual Bank.  By the time they first missed a minimum monthly payment, in August 2007, the outstanding balance on the account was $14,642.07.  Thereafter, the Santoses paid only intermittently; they made a payment of $50 in August 2008, but nothing after that.  When the bank finally charged off the account later in 2008, the unpaid balance was $17,066.91.

**¶3**         The bank eventually assigned the debt to Mertola, LLC, which sued the Santoses in July 2014, alleging breach of contract.  Mertola's complaint sought damages in the amount of the charge-off, costs and fees. The superior court granted the Santoses' motion for summary judgment, reasoning the claim was barred by the applicable six-year statute of limitations because it accrued when the Santoses first breached by failing to make a minimum monthly payment, more than six years before Mertola sued.

**¶4**         Mertola timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2017).[1]

## DISCUSSION

**¶5**         Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Ariz. R. Civ. P. 56(a).  On review from a grant of summary judgment based on limitations, we "view the facts and all legitimate inferences in the light most favorable to [the party] against whom

---

[1]         We cite the current version of a statute unless a revision material to this decision has occurred since the relevant events.

summary judgment was granted." *Walk v. Ring*, 202 Ariz. 310, 312, ¶ 3 (2002). We "independently review any questions of law relating to the statute of limitations defense." *Logerquist v. Danforth*, 188 Ariz. 16, 18 (App. 1996).

¶6        An action for breach of a credit-card agreement must be brought within six years after it accrues. A.R.S. § 12-548(A)(2) (2017). The Santoses argue, and the superior court ruled, that the lender's claim on their unpaid balance accrued when they first failed to make a minimum monthly payment and thereby defaulted under the terms of the credit-card agreement. Mertola contends, however, that because the lender did not exercise its option to accelerate the debt, the Santoses' repeated failures to pay as agreed only gave rise to a series of claims for the unpaid minimum monthly payments. Mertola argues that the limitations period does not begin to run on a claim for the outstanding balance owed on a credit card unless and until the lender exercises its power to accelerate the debt. We consider *de novo* "the determination of when a particular cause of action accrues if it hinges solely on a question of law rather than resolution of disputed facts." *Montano v. Browning*, 202 Ariz. 544, 546, ¶ 4 (App. 2002) (citations omitted).

¶7        Generally, "a cause of action accrues, and the statute of limitations commences, when one party is able to sue another." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588 (1995) (citations omitted). The credit-card agreement here stated, as relevant, that the Santoses would be in default if they failed to pay any amount when due, but that the bank could accept late or partial payments without losing its right to collect all sums the Santoses owed. In addition, the agreement provided that if the bank closed the account, finance charges and other fees would continue to be assessed and payments would continue to be due. Finally, the agreement expressly gave the bank the right to close the account and demand full payment upon a default, but did not require the bank to do so.

¶8        Given these contract terms, the bank could sue the Santoses for breach whenever they failed to make a minimum monthly payment. But the bank could not sue to collect the outstanding balance on the account unless and until the Santoses failed to comply with a demand for payment in full or a notice by the lender (or, later, by Mertola) that it was accelerating the debt. *Cf. Baseline Financial Servs. v. Madison*, 229 Ariz. 543, 544, ¶ 7 (App. 2012) ("When an installment contract contains an optional acceleration clause . . . an action as to future installments does not accrue until the holder exercises the option to accelerate."); *Navy Federal Credit Union v. Jones*, 187

Ariz. 493, 495 (App. 1996) (claim for failure to make an installment payment accrues on the date installment becomes due; claim for future unmatured installments does not accrue until creditor exercises right to accelerate). Although the bank charged-off the account in August 2008, there is no evidence that the bank ever notified the Santoses that it was accelerating the debt, which, under the account agreement, would have required them to pay the outstanding balance. *See Baseline Financial Servs.*, 229 Ariz. at 546, ¶ 14 (A "charge off" is "simply an 'accounting procedure within the bank' and not an affirmative exercise of the optional acceleration clause.") (citation omitted). Nor is there any evidence that the bank or Mertola ever demanded the Santoses pay off the balance. Accordingly, the statute of limitations did not bar Mertola's 2014 claim for payment of the balance on the account.

¶9        The Santoses argue that principles applicable to installment debt do not apply to a credit-card account, under which a cardholder's monthly payment obligation is not fixed, but varies, depending on how much the cardholder charges and pays during the prior interval. To be sure, a credit-card account is more akin to a line of credit, in which the borrower has the power to choose to borrow, or not, within the limits of the agreement. But the Santoses present no reasoned argument why, for this purpose, credit-card debt should not be treated like installment debt. At the heart of both periodic credit arrangements, the borrower is obligated to make payments at certain intervals but, absent acceleration, is not obligated to pay the balance owed on the account.

¶10        The Santoses contend that delaying commencement of the limitations period on a claim for payment of a credit-card balance until the creditor decides to accelerate allows the creditor to wait to sue until long after the cardholder has defaulted. Yet that is what the Santoses agreed when they entered the credit-card agreement. *See Baseline Financial Servs.*, 229 Ariz. at 544, ¶ 7; *Navy Federal Credit Union*, 187 Ariz. at 495; *see also Riffle v. Convergent Outsourcing, Inc.*, 311 F.R.D. 677, 683-84 (M.D. Fla. 2015) (denying certification of class of credit-card holders on claim for violation of Fair Debt Collection Practices Act; common issues did not predominate because of need to ascertain when creditor demanded full payment of each putative class member for limitations purposes).

¶11        Moreover, we are not convinced that delaying the running of limitations on a claim for an unpaid credit-card balance will discourage creditors from promptly beginning collection efforts; there is no reason to think that, given the economic realities, a lender would decide to put off pursuing a claim against a cardholder simply to allow interest to continue

to accrue. Rather, both sides can benefit from a rule that allows the lender time to permit the cardholder bring the account current: As we have previously recognized, "the rule of future installments subject to acceleration gives the parties flexibility 'to continue to work toward amicable and fair resolutions between themselves rather than immediately drawing litigation swords and marching off to a courthouse.'" *Baseline Financial Servs.*, 229 Ariz. at 545-46, ¶ 14 (quoting *Navy Federal Credit Union*, 187 Ariz. at 495-96). Indeed, the Santoses benefitted from the bank's forbearance and continued willingness to allow them to use the card, even though they had failed to pay as agreed. Further, equitable defenses, such as laches, may protect a debtor who is prejudiced by a creditor's unreasonable delay. *See League of Arizona Cities & Towns v. Martin*, 219 Ariz. 556, 558, ¶ 6 (2009) ("Laches will generally bar a claim when the delay [in filing suit] is unreasonable and results in prejudice to the opposing party.").[2]

¶12          Finally, given the Arizona legislature's deliberate decision to treat credit card and open accounts differently for purposes of limitations, we are not persuaded by cases from other jurisdictions that impose open-account accrual rules on credit-card debt. *Compare* A.R.S. § 12-548(A)(2) (six-year limitations period applicable to credit card accounts) *with* § 12-543(2) (2017) (three-year limitations period applicable to open accounts). *See Smither v. Asset Acceptance, LLC*, 919 N.E.2d 1153, 1160 (Ind. App. 2010) ("when the last activity on an open account . . . has occurred beyond the statutory limitations period, any action as to the entire balance of the account or any part of the balance is time-barred."); *Midland Funding LLC v. Thiel*, 144 A.3d 72, 79 (N.J. Super. Ct. App. Div. 2016) ("In collection actions, the right to institute and maintain a suit arises on the date of default – the first date on which the debtor fails to make a minimum payment."); *Taylor v. First Resolution Invest. Corp.*, ___ N.E.3d ___, ¶ 50 (2016 WL 3345269) (Ohio 2016) ("A cause of action for breach of a credit-card agreement based on nonpayment accrues when the obligation to pay under the agreement becomes due and owing and the cardholder does not make an agreed-to monthly payment.").

## CONCLUSION

¶13          For the foregoing reasons, we reverse and remand the summary judgment entered in favor of the Santoses. We defer Mertola's

---

[2]          Laches was not raised in the parties' summary judgment papers, but there is no indication in the record that any demand for payment whatsoever was made on the Santoses from the time the bank charged off the balance in 2008 to Mertola's filing of the complaint in 2014.

request for attorney's fees for consideration by the superior court at the conclusion of the case. We award costs to Mertola upon its compliance with Arizona Rule of Civil Appellate Procedure 21.

