**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM R. DONGES, named as H/W; CAROLYN DONGES, named as H/W, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> USAA FEDERAL SAVINGS BANK, <br><br> Defendant-Appellee. | No. 19-16111 <br><br> D.C. No. 4:18-cv-00093-RM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted June 11, 2020[**]
San Francisco, California

Before: M. SMITH and HURWITZ, Circuit Judges, and EZRA,[***] District Judge.

This diversity action dispute concerns the validity of a non-judicial

foreclosure sale based on the failure of William and Carolyn Donges to make

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

payments on the home equity line of credit ("HELOC") issued to them by USAA Federal Savings Bank. On appeal, the Donges's challenge the district court's grant of summary judgment to USAA and the denial of their motion for leave to amend their complaint. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and, under the merger doctrine, can review the district court's denial of the Donges's motion for leave to amend because the judgment was timely appealed, as it was here. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 691 (9th Cir. 1993); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 872 n.7 (9th Cir. 2004) ("an appeal from a final judgment draws in question all earlier, non-final orders and rulings which produced the judgment." (cleaned up)). We affirm.

1.      The district court properly held that the six-year statute of limitations for collecting HELOC debt "commences on the due date of each matured but unpaid installment" or, for future installments, "on the date the creditor exercises the optional acceleration clause." *Navy Fed. Credit Union v. Jones*, 930 P.2d 1007, 1008 (Ariz. Ct. App. 1996). The district court also properly concluded that the exception to *Navy Federal* recognized in *Mertola, LLC v. Santos*, 422 P.3d 1028, 1031–32 (Ariz. 2018) does not apply. Unlike credit-card contracts, the HELOC Agreements at issue in this case had a fixed maturity date. *Id.* at 1032.

2.      The district court properly found that USAA did not accelerate the

debt until 2017 when it took an affirmative action to accelerate. Arizona case law is clear that an affirmative act is necessary to accelerate debt and that the prior actions the Donges cite do not amount to an affirmative act. *See Baseline Fin. Servs. v. Madison*, 278 P.3d 321, 322–23 (Ariz. Ct. App. 2012). USAA was therefore not time-barred from enforcing its lien.

3. The district court did not abuse its discretion in denying the Donges's motion for leave to amend their complaint. *See Hall v. City of L.A.*, 697 F.3d 1059, 1072 (9th Cir. 2012) (stating standard of review). The motion was filed eight months after the deadline to amend pleadings, after the parties had fully briefed their cross-motions for summary judgment, and was based on information the Donges had prior to filing the action.

4. We award USAA attorney's fees pursuant to the HELOC Agreements and Ariz. Rev. Stat. Ann. § 12-341.01(A).

**AFFIRMED.**