IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DEENISE LUU, et al., *Plaintiffs/Appellants*,

*v.*

NEW REZ, LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0007

FILED 04-12-2022

Appeal from the Superior Court in Maricopa County
No. CV 2020-054642
The Honorable Sara J. Agne, Judge

**AFFIRMED**

COUNSEL

Parker Schwartz PLLC, Phoenix
By Lawrence D. Hirsch
*Counsel for Plaintiffs/Appellants*

Akerman LLP, Los Angeles CA
By Brenda Radmacher
*Counsel for Defendants/Appellees*

---

**OPINION**

---

Judge Michael J. Brown delivered the opinion of the Court, in which Presiding Judge Randall M. Howe and Judge Brian Y. Furuya joined.

---

**B R O W N**, Judge:

¶1   In this opinion we address the interplay between a bankruptcy discharge of a debt and a lender's ability to foreclose on a deed of trust securing the debt. We hold that a bankruptcy discharge does not commence the limitations period on the lender's ability to foreclose, nor does a bankruptcy discharge trigger an optional acceleration clause, which is exercisable only at the lender's discretion. We also conclude that the nature and extent of a security interest is a matter of state law, and thus Arizona law controls the resolution of this issue.

**BACKGROUND**

¶2   In December 2005, Keith Nguyen signed a promissory note for $62,300, secured by a second position deed of trust on improved real property ("Property"), which Deenise Luu co-owned. The note was payable in monthly installments with the balance due January 1, 2031. NewRez, LLC dba Shellpoint Mortgage Servicing ("NewRez") is the servicer of the deed of trust and Mortgage Electronic Registration Systems, Inc. ("MERS") is the beneficiary.

¶3   Sometime in 2011, Nguyen stopped making payments on the note. The deed of trust stated that the lender could accelerate the note "upon the occurrence of a default or anytime thereafter," with "notice if required by law." Neither NewRez, nor its predecessors-in-interest, nor any other authorized party took any affirmative action to accelerate the note, despite Nguyen's default.

¶4   In August 2011, Nguyen and Luu (collectively, "Owners") filed a Chapter 7 bankruptcy and received a discharge three months later from the U.S. Bankruptcy Court of the District of Arizona. The bankruptcy proceeding closed in January 2013. In 2020, Owners sent demands to NewRez and MERS (collectively, "Lender") requesting release of the lien on the Property. When Lender declined, Owners filed a complaint in the superior court, alleging that Lender was attempting to retain a lien interest

after the statute of limitations had run. Owners sought an order quieting title and confirming the invalidity of Lender's lien.

¶5 Lender moved to dismiss, arguing that a bankruptcy discharge does not trigger the statute of limitations because a discharge does not automatically accelerate a debt. In response, Owners primarily relied on purportedly favorable decisions arising under Washington state law and asked the superior court to adopt Washington's "rule" that a bankruptcy discharge commences the limitations period for *in rem* remedies. Owners also urged the court to follow two unpublished decisions from the Ninth Circuit Court of Appeals holding that the statute of limitations begins on the date of the last installment due before the bankruptcy discharge.

¶6 The superior court concluded that a bankruptcy discharge does not start the running of the statute of limitations because it does not operate as a maturation of the note. The court therefore dismissed the complaint because, as a matter of law, Owners did not establish that Lender failed to act within the limitations period such that Lender no longer held a valid lien. Owners appealed, and we have jurisdiction under A.R.S. § 12-120.21(A)(1).

## DISCUSSION

¶7 Owners argue the superior court erred in dismissing their complaint based on their position that, under Washington state law and Ninth Circuit unpublished decisions, a bankruptcy discharge operates as a maturation of the note and thus Lender can no longer foreclose on the Property. Lender counters that because a bankruptcy discharge does not change the note's date of maturity under Arizona law, the discharge cannot affect the statute of limitations.

¶8 We review the dismissal of a complaint under Arizona Rule of Civil Procedure 12(b)(6) de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). Generally, we consider only the complaint and its well-pled factual allegations and assume the truth of those allegations. *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008). In this case, we also consider the deed of trust, attached to the complaint, because such an exhibit is not outside the pleading. *Coleman*, 230 Ariz. at 356, ¶ 9. When a cause of action accrues is a legal question, which we also review de novo. *Mertola, LLC v. Santos*, 244 Ariz. 488, 490, ¶ 8 (2018).

3

### A. Statute of Limitations

**¶9** Arizona has a six-year statute of limitation for a debt action based on a written contract. A.R.S. § 12-548(A)(1). The limitations period to execute on a deed of trust is the same one that applies to the underlying promissory note. A.R.S. § 33-816 ("[A] trustee's sale of trust property under a trust deed shall be made, or any action to foreclose a trust deed . . . shall be commenced, within the period prescribed by law for the commencement of an action on the contract secured by the trust deed."); *see also De Anza Land & Leisure Corp. v. Raineri*, 137 Ariz. 262, 266 (App. 1983).

**¶10** A bankruptcy discharge extinguishes the debtor's personal liability, thereby barring a lender from an action *in personam* against the debtor. *See Diaz v. BBVA USA*, 61 Ariz. Cases Digest 10, ¶ 15 (App. Jan. 7, 2022); *see also Shaffer v. Heitner*, 433 U.S. 186, 199 (1977) (noting that an action *in personam* "impose[s] a personal obligation on the defendant in favor of the plaintiff"). "But a bankruptcy discharge does not extinguish a lien or other security agreement associated with the underlying obligation or bar an *in rem* suit to enforce it." *Diaz*, 61 Ariz. Cases Digest at ¶ 15; *see also Shaffer*, 433 U.S. at 199 (explaining that an action *in rem* "is limited to the property that supports jurisdiction and does not impose a personal liability on the property owner"). Thus, a bankruptcy discharge does not preclude an action to foreclose on a deed of trust. *Stewart v. Underwood*, 146 Ariz. 145, 146, 148 (App. 1985); *see also In re Garske*, 287 B.R. 537, 542 (B.A.P. 9th Cir. 2002) (holding that when a lender has a secured interest in property, the lender's *in rem* remedies survive a bankruptcy discharge, even though the debtor's personal liability is extinguished).

**¶11** "[T]he statute of limitations on a home equity line of credit with a defined maturity date 'commences on the due date of each matured but unpaid installment . . . .'" *Webster Bank NA v. Mutka*, 250 Ariz. 498, 499, ¶ 1 (App. 2021) (citation omitted). In contrast, when an installment contract (like the one here) contains an optional acceleration clause, the limitations period for unmatured future installments "commences on the date the creditor exercises the optional acceleration clause." *Navy Fed. Credit Union v. Jones*, 187 Ariz. 493, 494 (App. 1996); *Webster Bank NA*, 250 Ariz. at 500, ¶ 9; *see also Diaz*, 61 Ariz. Cases Digest at ¶¶ 11–12 (explaining that *Navy Federal Credit Union* and *Webster Bank* apply to secured installment debts "and that the statute of limitations to enforce the debt does not begin to run on future, unmatured installments due until the lender accelerates the debt"). Accordingly, absent acceleration, "a secured lender has until the maturity of the note or deed of trust to exercise his remedies in enforcing his secured interest." *Diaz*, 61 Ariz. Cases Digest at ¶ 20.

¶12        Owners argue that a bankruptcy discharge acts as a maturation of the note and thus triggers the statute of limitations. As this court previously concluded, however, "a valid pre-bankruptcy lien that is not avoided during the bankruptcy proceedings survives those proceedings *unaffected*." *Stewart*, 146 Ariz. at 146 (emphasis added); *see also Diaz*, 61 Ariz. Cases Digest at ¶ 19. Owners' bankruptcy discharge did not alter the terms of the promissory note or deed of trust, and Lender maintains its right to enforce its security interest. *See Diaz*, 61 Ariz. Cases Digest at ¶ 16 (holding that while a borrower's personal obligation is discharged in bankruptcy, "the deed of trust [the borrower] executed to secure that personal obligation [is] not extinguished" and the lender "retains whatever rights arise under the deed of trust *in rem*[,] . . . including foreclosure").

¶13        Nyguen's promissory note matures on January 1, 2031. The 2011 bankruptcy discharge did not extinguish the debt; it simply barred Lender from recovering against Nyguen personally. The debt remains, and so does Lender's security interest in the Property. And because the bankruptcy discharge did not affect Lender's ability to foreclose, it did not change the note's maturation date.

### B.        Acceleration Clause

¶14        Owners argue that because the bankruptcy discharge relieved them of all future payments on the note after the discharge, the Lender's power to accelerate the debt became irrelevant because no future payment obligations existed to accelerate. And at oral argument before this court, Owners' counsel stressed that a debt is not due unless it is personally enforceable against the debtor. But this position conflates the *existence* of a debt with its *enforceability*. As noted, a debtor's bankruptcy discharge does not eliminate the debtor's debts. *See Stewart*, 146 Ariz. at 148; *Diaz*, 61 Ariz. Cases Digest at ¶¶ 15–16. Instead, a bankruptcy discharge "operates as an injunction" preventing lenders from taking any action "to collect . . . any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). Because a bankruptcy discharge does not eliminate the debt under an installment contract, each installment continues to become due under the original contract. Though the discharge injunction bars the lender under that contract from collecting on those installments against the debtor personally, the installments remain operative to inform the parties' rights regarding the use of *in rem* remedies against the security. As such, a lender's acceleration powers are preserved even after a bankruptcy discharge.

¶15　　　　Further, Owners' argument mistakenly assumes that a discharge can effectively cause an acceleration without any action or notice to either party thereof. An acceleration clause, however, is only "exercisable at the lender's option." *Browne v. Nowlin*, 117 Ariz. 73, 75 (1977). To invoke an acceleration clause, the lender "must undertake some affirmative act to make clear to the debtor it has accelerated the obligation." *Baseline Fin. Servs. v. Madison*, 229 Ariz. 543, 544, ¶ 8 (App. 2012). Such an act may include demanding full payment before the maturity date or foreclosing on the property. *Andra R. Miller Designs LLC v. US Bank NA*, 244 Ariz. 265, 270, ¶ 15 (App. 2018). Nothing under Arizona law indicates that a bankruptcy discharge is an affirmative act on behalf of the lender that accelerates the debt or otherwise triggers the statute of limitation. *See Diaz*, 61 Ariz. Cases Digest at ¶ 20 ("Arizona requires that the lender take affirmative steps to accelerate the debt to trigger the statute of limitations.").

¶16　　　　As long as the lender may exercise the acceleration clause, the statute of limitations does not begin to run until the lender does so. *See Andra R. Miller*, 244 Ariz. at 270, ¶ 15; *see also Diaz*, 61 Ariz. Cases Digest at ¶ 20 (holding that if a lender does not invoke an acceleration clause, "a secured lender has until the maturity of the note or deed of trust to exercise his remedies in enforcing his secured interest"). Here, although Owners' bankruptcy discharge prohibits Lender from accelerating the debt by demanding full payment from Nguyen personally, the discharge did not nullify the acceleration clause entirely. Lender retains the right to accelerate the debt by initiating foreclosure proceedings.

### C.　　Question of State Law

¶17　　　　Owners argue we should follow Washington state law and two unpublished Ninth Circuit district court decisions to lead us to conclude that a bankruptcy discharge acts as a maturation of a debt. Owners also contend that the effect of bankruptcy discharge on a state's limitations period is a matter of federal law, and under the supremacy clause, the superior court was required to follow the two Ninth Circuit decisions.

¶18　　　　Where a matter concerns the nature and extent of a security interest—like the applicability of a statute of limitations to a deed of trust—such issues are determined by state law, not federal bankruptcy law. *See In re Bering Trader, Inc.*, 944 F.2d 500, 502 (9th Cir. 1991). Nothing indicates "that Congress intended the bankruptcy discharge to interfere with state statutes of limitation." *Stewart*, 146 Ariz. at 150. And in reviewing matters of state law, state courts are "not bound by decisions of federal circuit

courts." *Weatherford ex rel. Michael L. v. State*, 206 Ariz. 529, 533, ¶ 9 (2003); *see also In re Bartoni-Corsi Produce, Inc.*, 130 F.3d 857, 861 (9th Cir. 1997) (explaining that federal courts interpreting state law issues are "bound by decisions of the state's highest court," and "[i]n the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance" (citation omitted)).  Because the issue at hand concerns both the nature and extent of an Arizona security interest and the application of Arizona's statute of limitations, Arizona state law alone is controlling.

**¶19**　　　Moreover, even if federal law were applicable in this case, the unpublished Ninth Circuit decisions Owners rely on interpreted Washington state law, not federal law.  *See In re Hernandez*, 820 F. App'x 593, 594 (9th Cir. 2020) (mem. decision) (holding that Washington law controls the statute of limitations following a bankruptcy discharge and the bankruptcy court "was not free to ignore" that law); *Jarvis v. Fed. Nat'l Mortg. Ass'n.*, 726 F. App'x 666, 667 (9th Cir. 2018) (mem. decision) (finding no reason to "disregard Washington courts' interpretation of the state statute of limitations").  And more importantly, a recent Washington Court of Appeals opinion held that these federal cases misinterpreted Washington law.  *See Copper Creek (Marysville) Homeowners Assoc. v. Kurtz*, 502 P.3d 865, 873, 875–77, ¶¶ 26, 34–41 (Wash. App. 2022) (holding that both *Hernandez* and *Jarvis* erroneously interpreted Washington law on when the statute of limitations begins to run on a deed of trust after a bankruptcy discharge).

**¶20**　　　Owners argue that because Washington and Arizona have similar statutory and common law rules related to promissory notes and deeds of trust, we should adopt Washington's rule that a bankruptcy discharge operates as a maturation of the debt.  *See Edmundson v. Bank of Am.*, 378 P.3d 272, 277–78, ¶¶ 39–40 (Wash. App. 2016) (implicitly holding that a bankruptcy discharge triggers the statute of limitations because debtors no longer have personal liability under the note).  As noted, to the extent it may have been the rule previously, that no longer appears to be the case in Washington.  *Copper Creek*, 502 P.3d at 877, ¶ 41 ("*Edmundson* does not stand for the proposition that bankruptcy discharge of personal liability of the debtor accelerates the obligation on an installment note or commences the statute of limitations on both the outstanding balance of the note and on enforcement of the [deed of trust].").

**¶21**　　　Indeed, Washington law now seems to track Arizona law: "the statute of limitations runs on each installment of a promissory note from the date it is due." *Id.* at ¶ 39.  Regardless, Arizona law controls

resolution of the issues presented in this appeal. And in Arizona, a bankruptcy discharge does not constitute an acceleration of the promissory note or otherwise commence the six-year statute of limitations.

### D. Reaffirmation and Acknowledgment

**¶22** Owners argue that Lender should have sought a reaffirmation or acknowledgment because doing so would place both parties in the same position as if the bankruptcy discharge had not occurred, and the failure to do so "has consequences." A reaffirmation is an agreement by the debtor to be bound by the terms of a pre-bankruptcy petition contract (debt). *In re Mandrell*, 50 B.R. 593, 595 (Bankr. M.D. Tenn. 1985). A signed acknowledgment of a debt and willingness to pay it removes the applicable statute of limitations. *De Anza Land & Leisure Corp.*, 137 Ariz. at 266–67.

**¶23** Owners, however, have not indicated they would have been agreeable to either remedy or that they proposed such arrangements to Lender. Reaffirmation and acknowledgement are devices solely within the debtor's purview; they cannot abrogate acceleration and foreclosure, which are solely within the lender's discretion. *Browne*, 117 Ariz. at 75. As such, that a lender might have considered negotiating other remedies with a debtor does not eliminate its own ability to exercise the acceleration clause within the statutory period. Owners have cited no authority, and we can find none, suggesting that failure to seek a reaffirmation or acknowledgment may impair a lender's ability to exercise an optional acceleration clause before maturation of the promissory note.

### E. Attorneys' Fees

**¶24** Both parties request attorneys' fees incurred on appeal under A.R.S. § 12-341.01(A). We deny Owners' request because they have not prevailed on appeal. In our discretion, we award Lender reasonable fees, together with taxable costs, subject to compliance with ARCAP 21.

## CONCLUSION

**¶25** We affirm the superior court's order dismissing the complaint.



AMY M. WOOD • Clerk of the Court
FILED:     HB