IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**LAVELLE BRIDGES,**
*Plaintiff/Appellee,*


*v.*


**NATIONSTAR MORTGAGE L.L.C., A DELAWARE CORPORATION,**
*Defendant/Appellant.*


No. CV-21-0024-PR
Filed August 31, 2022


Appeal from the Superior Court in Maricopa County
The Honorable Hugh Hegyi, Judge (Ret.)
The Honorable Danielle J. Viola, Judge
No. CV2016-000605
**REVERSED AND REMANDED WITH INSTRUCTIONS**


Opinion of the Court of Appeals, Division One
250 Ariz. 475 (App. 2021)
**VACATED**


COUNSEL:

Nathaniel Nickele (argued), Law Office of Nathaniel P. Nickele, PLLC, Peoria, Attorney for Lavelle Bridges

Andrew M. Jacobs (argued), Amanda Z. Weaver, Snell & Wilmer L.L.P., Phoenix; and Erin E. Edwards, Troutman Pepper Hamilton Sanders LLP, Chicago, Illinois, Attorneys for Nationstar Mortgage L.L.C.

JUSTICE BEENE authored the Opinion of the Court, in which CHIEF JUSTICE BRUTINEL, VICE CHIEF JUSTICE TIMMER, and JUSTICES BOLICK, LOPEZ, MONTGOMERY, and KING joined.

---

JUSTICE BEENE, Opinion of the Court:

¶1 When parties execute a deed of trust and the debtor later defaults on the debt secured by the deed of trust, Arizona law authorizes the sale of the trust property. A.R.S. § 33-807. If the trustee chooses to sell the property, the trustee must first record and serve a notice of trustee's sale. A.R.S. § 33-808. Here, we address whether recording this notice accelerates the debt as a matter of law.[1] For the following reasons, we hold that it does not.

## BACKGROUND

¶2 Lavelle Bridges worked as a branch manager for a home loan company. In 2007, he obtained a $500,000 loan for which he executed a promissory note secured by a deed of trust against his residential property. The promissory note and deed of trust included optional acceleration clauses authorizing the lender to accelerate the debt if Bridges defaulted. To initiate the acceleration clauses, the promissory note required that Bridges be given notice of acceleration, and the deed of trust also required that the lender provide notice to Bridges of "(a) the default; (b) the action required to cure the default; (c) a date . . . by which the default must be cured; and (d) that failure to cure the default . . . may result in acceleration . . . and sale of the property."

¶3 In 2008, Bridges defaulted on the loan. The lender sent Bridges a notice of default, but it did not state that failure to cure the default would result in the acceleration of the loan or sale of the property. Bridges

---

[1] Although we granted review on a second issue, our holding today makes it unnecessary to the disposition of this appeal, and we decline to address it. *See State v. Milke*, 177 Ariz. 118, 129 (1993) (stating that reviewing courts should not address issues that are unnecessary to disposition of an appeal).

did not cure the default, which led to two notices of trustee's sales being recorded, one in January 2009 and another in May 2009. However, neither notice invoked the optional acceleration clause, and the property was not sold. In 2011, Nationstar Mortgage L.L.C. ("Nationstar") began servicing the loan.

¶4        In January 2016, Bridges sought declaratory relief, arguing that Nationstar could not foreclose on the property because the six-year statute of limitations had expired. *See* A.R.S. § 12-548(A)(1). Bridges then moved for summary judgment asserting that the 2009 notices of trustee's sales accelerated the debt, triggering the statute of limitations, and that the statute of limitations had run by either January or May 2015. Nationstar responded and cross-moved for summary judgment, arguing that the notices of trustee's sales did not accelerate the debt and that Bridges presented no evidence that Nationstar intended to accelerate the debt. The trial court granted Bridges' summary judgment motion, concluding that the notices of trustee's sales accelerated the debt.

¶5        The court of appeals reversed. *Bridges v. Nationstar Mortg., L.L.C.*, 250 Ariz. 475, 476 ¶ 1 (App. 2021). It held that "absent an express statement of acceleration in the notice of trustee's sale, or other evidence of an intent to accelerate, recording a notice of trustee's sale, by itself, does not accelerate a debt." *Id.*

¶6        We granted review to determine whether recording a notice of trustee's sale accelerates a debt as a matter of law, a matter of statewide concern. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution.

**DISCUSSION**

¶7        "[W]e review a grant of summary judgment de novo, viewing the evidence in the light most favorable to the party against whom summary judgment was entered." *Dabush v. Seacret Direct LLC*, 250 Ariz. 264, 267 ¶ 10 (2021).

¶8        Bridges argues that recording a notice of trustee's sale accelerates the debt as a matter of law because the debtor has a reasonable expectation that the lender intends to sell the property and collect on the entire debt, notwithstanding the requirements for acceleration in the note and deed of trust. We disagree.

¶9        A promissory note is a contract secured by a deed of trust. *See* A.R.S. § 33-813(A); *see also Hogan v. Wash. Mut. Bank*, 230 Ariz. 584, 587 ¶ 10 (2012). Parties are generally "free to contract as they please," *Shattuck v. Precision-Toyota, Inc.*, 115 Ariz. 586, 588 (1977) (quoting *Naify v. Pacific Indem. Co.*, 76 P.2d 663, 667 (Cal. 1938)), and when entered into voluntarily, courts will enforce the contract's provisions, *1800 Ocotillo, LLC v. WLB Grp., Inc.*, 219 Ariz. 200, 202 ¶ 8 (2008) ("[B]argains struck between competent parties will be enforced.").

¶10        Here, the promissory note gave the lender discretion to accelerate the debt, rather than automatically accelerating the debt upon default. *See Prevo v. McGinnis*, 142 Ariz. 298, 302 (App. 1984) (concluding that default resulted in automatic acceleration). Additionally, the promissory note required the lender to give notice of acceleration. We must enforce the provisions of the promissory note, and the parties are bound by their agreement. *See 1800 Ocotillo*, 219 Ariz. at 202 ¶ 8.

¶11        A deed of trust, however, "is a creature of statutes." *In re Krohn*, 203 Ariz. 205, 208 ¶ 9 (2002); *see also* A.R.S. §§ 33-801 to -821. The deed of trust statutory scheme allows lenders to sell property without judicial action, and "thus strip[s] borrowers of many of the protections available under a mortgage." *Krohn*, 203 Ariz. at 208 ¶ 10 (emphasis omitted) (quoting *Patton v. First Fed. Sav. & Loan Ass'n*, 118 Ariz. 473, 477 (1978)). For this reason, courts should interpret a deed of trust consistent with its plain language and in favor of protecting borrowers. *Id.*; *see also Schaeffer v. Chapman*, 176 Ariz. 326, 328 (1993).

¶12        As previously noted, Bridges defaulted on the loan. While the terms of the deed of trust provided that failure to remedy the default *may* result in the debt being accelerated and the property being sold, to actually trigger the acceleration clause, the lender was obligated to notify Bridges

about the default and the action and date required to cure the default. The deed of trust's plain language does not create a self-executing or automatic acceleration upon default. Consequently, the debt was not automatically accelerated under the provisions contained in the deed of trust. *See Schaeffer*, 176 Ariz. at 328 (noting that courts should interpret a deed of trust consistent with its plain language).

¶13 Furthermore, the notices in this case did not refer to or invoke the deed of trust's optional acceleration clause. Neither default notice mentioned acceleration and neither notice of trustee's sale included any language that communicated to Bridges that the lender was accelerating the debt. This omission from the notices, coupled with no other evidence of acceleration, leads us to conclude that recording the notices of trustee's sale did not accelerate Bridges' debt.

¶14 The plain language of § 33-813(A), which sets forth the procedure for reinstating a defaulted contract secured by a deed of trust, supports this conclusion. "[W]e follow fundamental principles of statutory construction, the cornerstone of which is the rule that the best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction." *Janson ex rel. Janson v. Christensen*, 167 Ariz. 470, 471 (1991).

¶15 Section 33-813(A) provides that "[i]f . . . all or a portion of a principal sum . . . of the contract . . . secured by a trust deed becomes due or is declared due by reason of a breach or default," the debtor "may reinstate by paying . . . the entire amount *then due*"—not the entire loan balance—as late as the day before the trustee's sale. (Emphasis added.) Accordingly, when a trustee's sale is merely noticed under § 33-813(A), the entire debt is not accelerated because under the plain language of the statute a debtor can cure the default and reinstate the contract by paying only the "amount then due" before the trustee's sale is held. *Id.*

¶16 The Montana Supreme Court reached the same conclusion under analogous circumstances in *Puryer v. HSBC Bank USA*, 419 P.3d 105 (Mont. 2018). *See S.K. Drywall, Inc. v. Devs. Fin. Grp. Inc.*, 169 Ariz. 345, 348 (1991) (recognizing that decisions from other jurisdictions are persuasive

when the "statute is comparable to our own"). In *Puryer*, the court construed a statute very similar to Arizona's § 33-813(A). There, the debtor asserted that filing a notice of sale "accelerated the amount due and constituted a maturity of the entire debt" under state law. 419 P.3d at 110 ¶ 13. The controlling Montana statute works exactly like our § 33-813(A):

> Whenever all or a portion of any obligation secured by a trust indenture has, prior to the maturity date fixed in the obligation, become due or been declared due by reason of a breach or default . . . the grantor[,] . . . at any time prior to the time fixed by the trustee for the trustee's sale[,] . . . may pay to the beneficiary . . . *the entire amount then due* under the terms of the trust indenture . . . *other than the portion of the principal that would not then be due if a default had not occurred and cure the existing default*.

Mont. Code Ann. § 71-1-312(1) (West 2021) (emphasis added). In rejecting the debtor's argument, the Montana Supreme Court concluded:

> A Notice of Sale does not cause maturity of the entire debt owed if a borrower, at any point, may cure the default by only paying the amount due at that time, rather than being required to pay the entire loan balance. We determine based on the language of . . . § 71-1-312(1), . . . the Notices of Sale did not accelerate the entire debt due. As provided in § 71-1-312(1) . . . payment of only the amount in arrears reinstates the trust indenture.

*Puryer*, 419 P.3d at 110–11 ¶ 16.

¶17 The Montana Supreme Court concluded that a notice of sale does not accelerate the entire debt if the debtor can cure the default by paying the amount then owed and not the entire amount of the loan. *Id.* Similarly, § 33-813(A) allows a debtor, after a notice of trustee's sale is recorded, to reinstate a contract secured by a deed of trust by paying the amount currently owed prior to a trustee's sale. Thus, a plain reading of

§ 33-813(A) supports the conclusion that the recording of a notice of trustee's sale does not accelerate a debt.[2]

**¶18** Despite this plain reading of § 33-813(A), Bridges, citing *Baseline Financial Services v. Madison*, 229 Ariz. 543 (App. 2012), urges us to create a bright-line rule that would establish that the recording of a notice of a trustee's sale accelerates a debt even when the terms of the deed of trust do not require notice of acceleration.

**¶19** There, the parties entered into an installment contract for the purchase of an automobile. *Baseline*, 229 Ariz. at 544 ¶ 2. The contract contained an optional acceleration clause that did not require notice to the debtor. *Id.* The debtor stopped making loan payments and the vehicle was repossessed. *Id.* ¶ 3.

**¶20** The court of appeals explained that to exercise its option to accelerate the debt, the creditor "must undertake some *affirmative act* to make clear to the debtor it has accelerated the obligation" even if the parties agreed the option to accelerate does not require notice to the debtor. *Id.* ¶ 8 (emphasis added). The court determined that the lender's repossession of the vehicle "*was* an affirmative act sufficient to exercise the acceleration clause." *Id.* at 546 ¶ 15.

**¶21** Here, Bridges contends that the recording of the notice of trustee's sale constitutes an "affirmative act," much like the vehicle repossession that occurred in *Baseline*, and should be recognized as a sufficient exercise of acceleration notifying the debtor that the lender

---

[2] In *Andra R Miller Designs LLC v. US Bank*, 244 Ariz. 265, 270 ¶ 16 (App. 2018), the court of appeals concluded that the recording of a notice of trustee's sale constituted an affirmative act that accelerated the debt. In that case, however, the notice of sale referenced the acceleration clause and neither party asserted that the notice did not accelerate the debt. *Id.* at 267 ¶ 3, 270 ¶ 16. We disapprove *Andra R Miller Designs* to the extent it conflicts with our interpretation of § 33-813(A) under circumstances like the one presently before us.

intends to sell the property to collect the entire amount of the debt. Bridges overstates *Baseline*.

**¶22** In *Mertola, LLC v. Santos*, 244 Ariz. 488, 492 ¶¶ 19, 21 (2018), this Court addressed, among other issues, the reach of *Baseline*'s holding. There, we were asked to decide when the statute of limitations commenced on credit-card debt that is subject to an optional acceleration clause. *Id.* at 490 ¶ 7. In discussing this issue, we stated that "debt on a closed account [e.g., a trust deed], unlike credit-card debt, is often secured by collateral, requiring the creditor to accelerate the debt to exercise the right to repossess or foreclose." *Id.* at 492 ¶ 19. We then went on to make the unremarkable assertion that proceeding against collateral, which is what the *Baseline* creditor did by repossessing the debtor's car, constitutes effective notice of debt acceleration. *Id.* (citing *Baseline*, 229 Ariz. at 544 ¶¶ 2–3); *see also Navy Fed. Credit Union v. Jones*, 187 Ariz. 493, 495 (App. 1996) (noting that demanding full payment before all installments are due constitutes a sufficiently affirmative act of acceleration); *Prevo*, 142 Ariz. at 302 (concluding that commencement of judicial foreclosure under a deed of trust, in which any default triggered the whole debt due, operates as an affirmative act of acceleration).

**¶23** For reasons not germane to this appeal, we declined to apply *Baseline*'s holding to credit-card debt. *Mertola*, 244 Ariz. at 492 ¶ 21. More importantly, we specifically declined to decide whether *Baseline* applied to other types of debt, such as a closed-end installment contract, the type of contract at issue in this case. *Id*.

**¶24** Today, we answer the question we declined to address in *Mertola* as it pertains to a promissory note secured by a deed of trust: recording a notice of trustee's sale, by itself, is not an affirmative act that accelerates the debt. This conclusion is supported by the fact that the lenders did not accelerate the debt by exercising their right to sell Bridges' property, *see* § 33-807(A) (authorizing foreclosure by power of sale or by judicial foreclosure seeking judgment for the "entire amount determined due" under A.R.S. § 33-725(A)), and § 33-813(A)'s plain language that allows the debtor to cure its default and reinstate the contract by paying the entire amount in arrears before the trustee's sale. *See supra*, ¶¶ 14–17.

**CONCLUSION**

**¶25** For the foregoing reasons, we reverse the trial court and remand for entry of summary judgment in favor of Nationstar. Nationstar requests attorney fees under A.R.S. § 12-341.01(A). In our discretion, we award attorney fees to Nationstar upon compliance with Arizona Rule of Civil Appellate Procedure 21.